(90 South. 807)

## Ex parte W. T. SMITH LUMBER CO.
### (3 Div. 597.)

(Supreme Court of Alabama. Oct. 20, 1921.)

**1. Master and servant ⬅412 — Compensation judgment reviewable on record on certiorari without bill of exceptions.**

On a petition to review a judgment by a common-law writ of certiorari as provided by Workmen's Compensation Act of 1919, §§ 21, 28, review is confined to questions of law apparent upon the record, which includes the written statement of the trial judge, and the reviewing court may not look to a bill of exceptions which accompanies the petition.

**2. Master and servant ⬅361—Pieceworker cutting trees held an "employé" entitled to disability compensation based on "wages" and "weekly earnings."**

One employed by a lumber company to saw down trees and cut them into logs suitable for manufacture of lumber and paid for his labor at the rate of 10 to 20 cents per tree according to size, amounting to $18 to $20 per week, included in the company's biweekly pay roll, *held* an "employé" within the statutory definition of the term and the terms "wages" and "weekly earnings" in Workmen's Compensation Act of 1919, § 36, regardless of the question of control and supervision of the work.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employé; Wages.]

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Petition by the W. T. Smith Lumber Company for a common-law writ of certiorari to review the action of the circuit court of Butler county in a proceeding by H. H. Burkett to recover from said Lumber Company under the Workmen's Compensation Act for damages for the death of plaintiff's son. Writ denied.

The facts as stated by the court are that J. Lewis Burkett was a minor under 21 years of age and unmarried, and that he left surviving him only parent, his father, who is the plaintiff in this case; that he was employed by the W. T. Smith Lumber Company in the fall of 1919, and it was his duty, with another sawyer, to saw down the pine trees suitable for lumber on the lands of the defendant and to cut them into logs suitable for manufacture into lumber, and that, while engaged in this employment, the said J. L. Burkett sawed down a pine tree, which in falling caught upon another tree and from there fell, striking and injuring J. L. Burkett so that he died within a short time. For such labor he was paid from 10 to 20 cents per tree according to its size, and received from $18 to $20 per week, and of this amount he contributed to his father from $14 to $16 a week; that defendant was a corporation engaged in the manufacture of lumber, employed a large number of men, operated railroads into the forest, had trees sawn and cut and conveyed by rail to its mills, and defendant had a regular pay roll and paid off regularly every two weeks.

Steiner, Crum & Weil, of Montgomery, and Lane & Lane, of Greenville, for appellant.

The court erred in its judgment, finding that J. L. Burkett was an employé of appellant, also in finding that appellee was a partial dependent of J. L. Burkett and in awarding the appellee the sum of $5 per week, for 300 weeks. Acts 1915, p. 824; 183 Ala. 118, 62 South. 721; 191 Ala. 494, 67 South. 697; 200 Ala. 204, 75 South. 962; 110 Ala. 538, 20 South. 63; 172 Cal. 807, 159 Pac. 721; 14 R. C. L. 67–69, 73.

Powell & Hamilton and H. H. Burkett, all of Greenville, for appellee.

The deceased was an employee of the defendant. 97 Ala. 201, 12 South. 98; 115 Ala. 396, 22 South. 442; 34 Cal. App. 321, 167 Pac. 288; 174 Cal. 457, 163 Pac. 664; 165 Wis. 520, 162 N. W. 919; 87 S. C. 46, 68 S. E. 817; 128 Minn. 43, 150 N. W. 211. The Workmen's Compensation Act should be liberally construed. 101 Neb. 542, 163 N. W. 847, L. R. A. 1918F, 479; 37 Minn. 153, 33 N. W. 551, 5 Am. St. Rep. 832; 103 Neb. 21, 170 N. W. 193, 6 A. L. R. 1267.

ANDERSON, C. J. [1] This petitioner seeks to review the judgment of the circuit court by the common-law writ of certiorari as provided by sections 21 and 28 of the Workmen's Compensation Act of 1919, pp. 206 to 239.

The only question argued and insisted upon as error is the conclusion of the trial court to the effect that the deceased was an employé or workman within the terms of said act. While the petition is accompanied by a bill of exceptions, this court cannot look to same, as the right of review is confined by the statute to a common-law writ of certiorari, and under which we can only consider questions of law apparent upon the record, but which said record includes the written statement of the trial judge as required by section 28. Woodward Co. v. Bradford, ante, p. 447, 90 South. 803.

[2] As to who did or did not constitute an employé under the Employers' Liability Act (Code 1907, § 3910), as construed by our former decisions, may not now be a material factor as the present act defines both an employer and employé. It says (section 36):

"The term 'employer' as used herein shall mean every person not excluded by section 8, who employs another to perform a service for hire and to whom the 'employer' directly pays

wages. * * * The term 'employé' and 'workman' are used interchangeably and have the same meaning throughout this act, and shall be construed to mean * * * (2) Every person not excluded by section 8, in the service of another under any contract of hire, express or implied, oral or written, including aliens, and *also including minors who are legally permitted to work under the laws of the state.*"

This act was largely borrowed from the state of Minnesota, and in the case of State ex rel. Virginia Co. v. District Court of St. Louis Co., 128 Minn. 43, 150 N. W. 211, decided prior to the adoption of the present act, while the Minnesota court deemed it unnecessary to construe the above-quoted provision, it did hold that the same was not intended to confine the relation of employer and employé within narrower limits than the rule heretofore existing. It was also held that, notwithstanding there was no evidence that the defendant reserved no control or supervision over the workmen except the inference arising from the character of the work, the question was one for the jury unless it appeared conclusively that the right to control and supervise the work was not reserved. We therefore hold that the facts as set forth by the trial judge are sufficient to justify his finding that the deceased was an employé of the defendant even under the old rule as to control and supervision over him and the work.

On the other hand, if we give the above-quoted provision a broader construction and hold that an employé under the act includes all persons not excluded by section 8 who is employed by another to perform service for hire and to whom wages are directly paid this deceased would doubtless come within the influence of the act regardless of the question of control and supervision.

"The terms 'wages,' 'weekly earnings,' and such expressions shall in all cases, unless the context clearly indicates a different meaning, be construed to mean 'average weekly earnings.'" The trial court did not err in holding that the deceased was an employé, or workman, within the Workmen's Compensation Act, and the writ must be denied.

While we have based our opinion upon the record and followed the rule as set forth in the case of Woodward Iron Co. v. Bradford, supra, the bill of exceptions has been examined, and, it is sufficient to suggest, abounds with evidence sufficient to justify a finding by a jury or the conclusion of a judge without a jury that the defendant exercised such control and supervision over the deceased and the work as to render him an employé both under the old rule as well as the present statute.

Writ denied.

SAYRE, GARDNER, and MILLER, JJ., concur.