(94 South. 289)

### Ex parte LOUISVILLE & N. R. CO.

### HOUSE v. LOUISVILLE & N. R. CO.

### (6 Div. 515.)

(Supreme Court of Alabama.   Oct. 12, 1922.)

**1. Master and servant �köü412—On review in compensation case, court will consider bill of exceptions with incomplete findings.**

Where the recitals of the special findings of fact in proceedings under the Workmen's Compensation Act are either too meager or omissive fully to inform the court of review, in respect of the entire circumstances having relation to the point in contest, the bill of exceptions will be considered along with the special finding of facts.

**2. Master and servant ⊸348—Compensation Act broadly interpreted.**

Legislative acts, such as the Workmen's Compensation Act, are remedial in character and hence deserve and generally receive a broad interpretation and application in concrete cases consistent with the beneficent purpose such enactments have in view.

**3. Master and servant ⊸405(4)—Finding of compensable injury held supported by evidence.**

On petition to review by certiorari an award under the Workmen's Compensation Act, the special finding and the evidence in the bill of exceptions *held* to negative contention that trial court's conclusion that deceased's injury arose out of and in the course of his employment, is without any evidence to support it.

**4. Master and servant ⊸412—Finding supported by evidence in compensation case conclusive on certiorari.**

A finding supported by evidence that tends to invite it is conclusive on review by certiorari to review an award under the Workmen's Compensation Act, and an affirmance may be entered without further discussion.

**5. Master and servant ⊸371—Statutory provision as to compensable injury construed liberally.**

In order to carry out the beneficent purpose of the Workmen's Compensation Act, it is necessary in the construction of the phrase "arose out of and in the course of the employment" in section 36, subd. 2 (j), that overwrought refinements which embarrass or defeat the purpose of the act, should be avoided.

**6. Master and servant ⊸371—Injury "arising out of and in course of employment" within Compensation Act defined.**

An employee's injury arises out of and in the course of his employment when he was either doing the work or performing the service he was engaged to perform, or was engaged in an act or service naturally related thereto, such as a reasonable judgment would refer either to the express or the implied elements of the contract of employment, and a reasonable conception would conclude to be a natural incident of the employee's engagement.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

**7. Master and servant ⊸375(2) — Entering and leaving employer's premises held to be in course of the employment within Compensation Act.**

Within the purview of acts naturally related and incidental to employment, within the Workmen's Compensation Act, are the movements of employees in entering, at the appropriate time, the employer's premises to discharge their function; their preparation to begin and to terminate their actual service, and to leave the premises at an appropriate time after the completion of their actual service.

**8. Master and servant ⊸375(2)—Injury to employee while leaving premises held compensable as "arising out of and in course of employment."**

When, after his day's work, and after punching a time clock, a blacksmith left the machine shop in which he was working and while walking along a nonprohibited route which some of the employees used to board a mixed accommodation and coal train to go to their homes, sustained injuries from which he died four months later, *held* the injuries arose out of and during the course of his employment within the Workmen's Compensation Act.

Certiorari to Circuit Court, Jefferson County; Dan A. Greene, Judge.

Proceeding under the Workmen's Compensation Act by Velma House and minor child, for the death of the husband and father respectively, opposed by the Louisville & Nashville Railroad Company, employer. From a judgment of the Circuit Court granting an award, the employer brings certiorari. Writ denied, and judgment affirmed.

This is a proceeding by the widow and minor child of a deceased employee (L. J. House) to be awarded compensation under the Workmen's Compensation Act, approved August 23, 1919 (Gen. Acts, pp, 206–239).

So far as pertinent to the single question presented for review, the trial court's special finding of facts, upon hearing on the evidence introduced, is as follows:

"That the said L. J. House, deceased, was an employee of the respondent, Louisville & Nashville Railroad Company, and that both the petitioner and respondent are subject to the provisions of the Alabama Workmen's Compensation Act of 1919. And it further appears that on the afternoon of the 30th day of March, 1920, at 4:32 p. m. the said L. J. House did sustain an injury at the shopyards of the Louisville & Nashville Railroad Company at Boyles, Jefferson county, Ala., and resulted in his death on the 10th day of August, 1920. And it further appearing that the deceased, after having left his work which was that of blacksmith assistant, and having gone to an adjoining building wherein was located the time clock, he punched the time clock as required by the company and left the building. There was a path leading from the machine shop, in which was located the time clock, in a northerly direction to the main gate. This path was a chert path,

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and the main gate was a gate through which all of the employees entered the shopyards. On the day in question, Mr. House, upon leaving the machine shop, started in a westerly direction across the tracks toward the place inside the shop yards, where a mixed or accommodation train known as the Praco train was scheduled to stop for the purpose of switching off coal. It was the custom of a few of the employees to ride this train back to Birmingham and Pratt City in the afternoon after work. When about 50 feet from the machine shop Mr. House, who was a large man weighing about 225 pounds or more, stumbled over a rail or track and fell, breaking his leg."

Consequent upon its consideration and conclusion of fact, the court adjudged that L. J. House's injury and death "were caused by the accident arising out of and in the course of his employment."

The court awarded compensation under the act; and no contest is made in respect of its amount.

Tillman, Bradley & Baldwin and A. Key Foster, all of Birmingham, for petitioner.

The injury complained of did not arise out of and in the course of the employment of the deceased, so as to bring this action within the provisions of the Workmen's Compensation Act of Alabama. L. R. A. 1916A, 232; 182 Mich. 20, 148 N. W. 243; 129 Minn. 176, 151 N. W. 912; 285 Ill. 11, 120 N. E. 457; 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306; 219 Mass. 488, 107 N. E. 349; 218 N. Y. 318, 113 N. E. 256, L. R. A. 1917A, 250; 211 N. Y. 241, 105 N. E. 432; (Ind. App.) 65 N. E. 608; 173 Cal. 313, 159 Pac. 1041, L. R. A. 1917B, 336; 141 Minn. 166, 169 N. W. 532; 290 Ill. 503, 125 N. E. 278; 292 Ill. 90, 126 N. E. 566; 217 Mass. 76, 104 N. E. 431, Ann. Cas. 1915C, 778; (Cal. App.) 192 Pac. 166; 194 Mich. 382, 160 N. W. 484, L. R. A. 1917D, 69; 152 Ala. 162, 43 South. 800, 12 L. R. A. (N. S.) 861; 167 Wis. 337, 167 N. W. 453; 88 Or. 611, 172 Pac. 114; (Tex. Civ. App.) 211 S. W. 949; 290 Ill. 503, 125 N. E. 278; 78 Mich. 271, 44 N. W. 270, 18 Am. St. Rep. 441; 120 Mass. 306, 21 Am. Rep. 514; 52 Iowa, 329, 3 N. W. 106, 35 Am. Rep. 275; 119 Cal. 637, 52 Pac. 33, 63 Am. St. Rep. 153. The employee's right of recovery for injuries arising out of and in the course of employment is limited to instances where the employee is engaged in, on, or about the premises where his services are being performed, or require his presence at the time of the injury, and during the hours of employment. Acts 1919, p. 238, § 36j; 173 Cal. 313, 159 Pac. 1041, L. R. A. 1917B, 336; 138 Minn. 312, 164 N. W. 1020; 141 Minn. 166, 169 N. W. 532; 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165; 2 Honnold, W. C. A. 988, 1261, 1308, 1641, 1685.

George P. Bondurant, of Birmingham, opposed.

Employment refers rather to the contract than to the labor done, and an employee does not cease to be such because of certain instants of time he is not actually engaged in work. 144 Minn. 105, 174 N. W. 726; 134 Minn. 113, 158 N. W. 913, 159 N. W. 565; 86 N. J. Law, 266, 92 Atl. 385, L. R. A. 1916A, 315; 98 Kan. 680, 159 Pac. 9, L. R. A. 1917B, 372; 156 Wis. 68, 145 N. W. 238, L. R. A. 1916A, 327; 79 Kan. 576, 100 Pac. 507; 220 Mass. 526, 108 N. E. 466, L. R. A. 1916A, 333; 218 Mass. 1, 105 N. E. 433, L. R. A. 1916A, 318; 85 N. J. Law, 446, 89 Atl. 927; 152 N. W. 416; 294 Ill. 119, 128 N. E. 290; 223 Mass. 56, 111 N. E. 696, L. R. A. 1916D, 641; 225 Mass. 174, 114 N. E. 206; 150 Minn. 1, 183 N. W. 977, 20 A. L. R. 316. The act should be construed liberally, and not strictly, as a statute in derogation of the common law, and should receive as broad an interpretation of it as can fairly be given. Honnold, 25; 129 Minn. 176, 151 N. W. 912; 218 N. Y. 148, 112 N. E. 750, L. R. A. 1917A, 344; (Ind App.) 127 N. E. 289.

McCLELLAN, J. [1] There is but one material question argued by counsel, viz. whether the injury received by this employee, resulting in his death, arose out of and in the course of his employment, within the purview of sections 1 and 36, subd. 2 (j), p: 238, of the act, noted in the statement ante. This review will be confined to the single matter now in controversy. There is a bill of exceptions incorporated in the transcript. Since the recitals of the special findings of fact (quoted in all material aspects in the statement of the case) are either too meagre or omissive to fully inform this court in respect of the entire circumstances having relation to the point in contest, the bill of exceptions will be considered along with the special finding of facts. This course consists with the pertinent pronouncement in Ex parte Sloss-Sheffield Steel & Iron Co. (Ala. Sup.) 92 South. 458–461,[1] a decision not out of harmony with related procedural declarations made in Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803, and in Ex parte Smith Lumber Co., 206 Ala. 485, 90 South. 807. In Ex parte Sloss-Sheffield Steel & Iron Co., supra, and another of the cited decisions trial judges were urged to observe the mandate of the Compensation Act in respect of the trial judge's duty in making a statement of the facts and his conclusions thereupon. In this case it was also held that the inquiry whether there was "any evidence" to support the trial judge's conclusion under review was a question of law, reviewable on certiorari; and that "where there is any legal evidence to support the finding, such finding is conclusive. * * *" The pertinency of these observations will appear.

[2, 3] Legislative Acts of the nature under

---

[1] 207 Ala. 219.

consideration are remedial in character, and hence deserve and generally receive a "broad interpretation" and application in concrete cases, consistent with the beneficent purpose such enactments have in view. Panasuk's Case, 217 Mass. 589, 105 N. E. 368; Ex parte Majestic Coal Co. (Ala. Sup.) 93 South. 728.[2] House was a blacksmith, whose place of entire actual service was inside the building. He had, when injured, completed this actual service; had "punched the clock" denoting the termination of his actual service; and while on the employer's premises, in the act of leaving for his home, some 50 feet from the entrance to the building in which he had "punched the clock," he tripped over the employer's railway and fell, later dying from the injury thus received. Further in the special finding the trial judge concluded that House started (on a different route from that provided for employees to enter and to leave the premises) toward the place inside the shopyard where a train, operated by the employer, was scheduled to stop for the purpose of switching off coal; and, also, that it was "the custom of a few of the employees to ride this train" to the neighboring cities of Birmingham and Pratt City. The special finding is otherwise silent with respect to "custom," as well as with respect to whether House was in the course of observing or availing of the "custom." Referring to the bill of exceptions, it appears that there was evidence and inferences therefrom, including the answers of the employer (defendant) to interrogatories propounded to it, designed to show that, notwithstanding another cherted way was provided for employees to enter and to leave the premises, it was customary for those intending to take the train mentioned "to use the route along which Mr. House was going when he was injured"; that "the route he used was the regular route of those men who caught that train"; that "the employees of the company could ride that train without paying fare and some of them used it regularly"; and that the employer knew of the practice. There is no evidence of objection to this known practice on the part of unnamed and unnumbered employees.

[4, 5] The testimony further went to show that when House was injured, within a very few minutes after he "punched the clock" and within a few minutes of the time the Praco train was scheduled to arrive, he "was going across the tracks," on the employer's premises, "to catch the Praco train." The evidence indicated supplies the mentioned deficiencies in the special findings of fact. Considering both the special finding and the evidence noted, it cannot be affirmed that the conclusion of the trial judge, that House's injury arose out of and in the course of his employment, is without "any evidence" to support it. Ex parte Sloss-Sheffield Steel & Iron Co. (Ala. Sup.) 92 South. 458, 461.[1] Such a finding, from evidence tending to invite it, being "conclusive" on review by certiorari (Ex parte Sloss-Sheffield Co., supra), the affirmance might be ordered entered without further discussion. Counsel for petitioning appellant have, however, pressed the proposition that the effect of the provisions of the subdivision to be quoted (subd. 2 [j], § 36, Act 1919, p. 238) is to exclude House's injury from the benefit of the Workmen's Compensation Act. That subdivision reads:

"Without otherwise affecting either the meaning or interpretation of the abridged clause, injuries by an accident arising out of and in the course of his employment, it is hereby declared: Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the accident, and during the hours of service as such workmen."

Recognizing that these provisions of the Alabama act were copied from the Minnesota act of like design (Gen. St. 1913, §§ 8195–8230), and that this appropriation of the act from the sister state included the constructional effect that state's highest court had attributed thereto, it was declared in Ex parte Smith Lumber Co., 206 Ala. 485, 90 South. 807, 808, that the act "was not intended to confine the relation of employer or employee within narrower limits than the rule heretofore existing." The Minnesota court, in Lienau v. Northwestern Tel. Co., 186 N. W. 945 (decided in 1922), after quoting the definitive provisions, now section 36, subd. 2 (j), declared: "In general it may be said that the act was intended to apply in cases where the relation of master and servant exists." This view consists with the generally declared judicial and administrative duty to construe remedial enactments of this character with breadth and liberality, to the end of advancing its beneficent object. 1 Honnold on Workmen's Compensation, pp. 25, 28. The recent deliverance of this court in Ex parte Majestic Coal Co., supra, noted a number of Minnesota decisions, as well as others treating related provisions of compensation acts, with particular reference to the subdivision now under consideration. In respect of such acts a distinction has at times been taken between the phrase "arose out of" the employment and the phrase "in the course of the employment." L. R. A. 1916A, pp. 232 et seq. It has been affirmed that these phrases refer to distinct conceptions and that their concurrent existence is essential to invoke the right and remedy of such acts. While in construing and applying the act regard must be had to the distinctness of these phrases, it is as necessary as it is desirable that overwrought refinements in administration should

---

[2] Ante, p. 86.

[1] 207 Ala. 219.

be avoided, since that process may conduce to the embarrassment, if not the defeat, of the beneficent purposes of remedial acts of this character.

[6, 7] Definitions or descriptions of these phrases, elsewhere approved, are repeated in Ex parte Majestic Coal Co., supra. It will now suffice to say, in the light of those authorities, that an employee's injury is within the prescription of these phrases of the Alabama act if, when the injury was received, the employee was either doing the work or performing the service he was engaged to do or perform, or was engaged in an act or service naturally related thereto, such as a reasonable judgment would refer either to the express or the implied elements of the contract of employment, such as a reasonable conception would conclude to be a natural incident of the employee's engagement. Within the purview of such naturally related and incidental acts in the course of the employment is the movement of the employee in entering, at the appropriate time, the employer's premises to discharge his function; his preparation to begin and to terminate his actual service; and to leave the premises at an appropriate time after the completion of his actual service. Gane v. Norton Hill Co., 2 K. B. (1909) 539; Terlecki v. Strauss, 85 N. J. Law, 454, 89 Atl. 1023; 1 Honnold, pp. 358, 367, 368 et seq.

[8] At the time the injury was sustained House was on his employer's premises; his actual service had but a few minutes before terminated; he was pursuing a course (in the act of leaving the employer's premises) that according to the evidence, customary use, with the knowledge of his employer, had sanctioned, a route or way of departure from the premises that the evidence authorized the trial judge to conclude was as rightfully available to employees desiring to go that route as the cherted way provided by the employer.

Error does not affect the judgment under review. It is affirmed.

Writ denied, and judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.