(95 South. 343)

### Ex parte NUNNALLY CO.

### CROSBY v. NUNNALLY CO.

### (6 Div. 725.)

(Supreme Court of Alabama. Jan. 11, 1923. Rehearing Denied Feb. 1, 1923.)

**1. Master and servant ⬤⇒412—Finding on evidence in compensation case conclusive.**

If any reasonable view of the evidence in proceedings under the Workmen's Compensation Law will support the conclusion reached by the trial court on the issue of dependency, the finding and judgment will not be disturbed on certiorari.

**2. Certiorari ⬤⇒64(1)—Cannot serve purpose of appeal.**

Common-law certiorari cannot serve the purpose of an appeal, and under it the court's action in overruling a motion for a new trial on the ground of newly discovered evidence cannot be reviewed.

Certiorari to Circuit Court, Jefferson County; J. Q. Smith, Judge.

Petition by the Nunnally Company for certiorari to the circuit court of Jefferson county, to review the judgment rendered by that court in a proceeding by Amie Crosby against the Nunnally Company under the Workmen's Compensation Act. Writ denied.

Lange & Simpson and W. H. Brantley, Jr., all of Birmingham, for petitioner.

Counsel argue for error in the action of the trial court in rendering judgment, based on facts not supported by the evidence, and in overruling defendant's motion for continuance and new trial, on the ground of surprise and newly discovered evidence, citing 201 Ala. 613, 79 South. 45; 200 Ala. 554, 76 South. 912; 72 South. 124; 17 Ala. App. 67, 81 South. 845; 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29; 179 Ala. 420, 60 South. 871; 100 Ala. 377, 14 South. 105; 207 Ala. 219, 92 South. 458.

Frank W. Smith and Black & Harris, all of Birmingham, for opposed.

If, on any reasonable view of the evidence, it will support the conclusion reached in the trial court, the finding and judgment will not be disturbed. 207 Ala. 219, 92 South. 458.

GARDNER, J. One Mamie Davis, a minor, met her death while at work in the line and scope of her duties for the Nunnally Company, and her mother, Amie Crosby, brought suit against the Nunnally Company under the Workmen's Compensation Law (Laws 1919, p. 206) as a dependent of said Mamie Davis.

The litigated issue between the parties related to the question of dependency—a disputed issue of fact upon the trial. The trial court found the issue in favor of the mother, and awarded her the sum of $3 per week for 300 weeks; and the Nunnally Company presents this application for writ of certiorari to review this judgment.

[1] It is insisted by counsel for petitioner there was no evidence upon which to base the judgment of the court, and the bill of exceptions is presented by the petitioner in order that that question may be here reviewed. Ex parte S. S. S. & I. Co., 207 Ala. 219, 92 South. 458. In this last-cited authority, it was said—

"If on any reasonable view of the evidence it will support the conclusion reached in the trial, the finding and judgment will not be disturbed."

The evidence set out in the bill of exceptions has been carefully examined by this court in consultation, and we find it comes within the foregoing rule both upon the question of dependency as well as in support of the amount awarded; a discussion of it here would serve no useful purpose.

[2] Counsel for petitioner discuss other questions, such as the action of the court in overruling the motion for a new trial for newly discovered evidence, but it has been often stated by this court that the common-law certiorari cannot be made to serve the purpose of an appeal. Ex parte S. S. S. & I. Co., supra; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803; Ex parte W. T. Smith Lbr. Co., 206 Ala. 485, 90 South. 807; Winkler v. Courson, 160 Ala. 374, 49 South. 341.

The other questions discussed are matters which are properly presented for review by way of an appeal, but do not come within the scope of a review by certiorari. The writ will be denied.

Writ denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.