(103 So. 548)

## Ex parte De BARDELEBEN COAL CO. et al.
(6 Div. 180.)

(Supreme Court of Alabama. March 26, 1925.)

**1. Master and servant ⬤⇒412—Finding on evidence in compensation case conclusive.**

Finding of court as fact that employé was not asleep at time of injury, supported by legal evidence, *held* conclusive.

**2. Certiorari ⬤⇒5(1)—Review by certiorari cannot be made to serve purpose of appeal.**

Review by certiorari cannot be made to serve the purpose of an appeal.

**3. Master and servant ⬤⇒385(1)—Finding of fact, giving in detail wages earned and striking average therefrom, held compliance with Compensation Act.**

Where injured employé had not been in present employment for 52 consecutive weeks, but worked intermittently during period preceding injury, finding of fact giving in detail wages earned and striking average weekly earning, being supported by legal evidence, *held* substantial compliance with Code 1923, § 7551, subd. (g).

Petition of the De Bardeleben Coal Company and the American Mine Owners' Mutual for certiorari to the circuit court, Walker county, to review the judgment and finding of said court in a proceeding by Charlie York against petitioners under the Workmen's Compensation Act. Writ denied.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for petitioners.

The accident complained of did not arise out of the course of the plaintiff's employment. Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Ex parte L. & N., 208 Ala. 216, 94 So. 289; Ex parte American Fuel Co., 210 Ala. 229, 97 So. 711; Acts 1919, p. 238, § 36 (2J); Gifford v. Patterson, 222 N. Y. 4, 117 N. E. 946, 6 A. L. R. 576; Colucci v. Edison, etc., Co., 94 N. J. Law, 542, 111 A. 4, 10 A. L. R. 1486; Haggard's Case, 234 Mass. 330, 125 N. E. 565. The bill of exceptions will be looked to, to determine whether the find-

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing of the court is supported by the evidence. Ex parte Sloss Co., 207 Ala. 219, 92 So. 458; Ex parte Mt. Carmel C. Co., 209 Ala. 519, 96 So. 626; Ex parte Woodward Ir. Co., 211 Ala. 74, 99 So. 97. There is no greater presumption indulged in favor of the correctness of the finding of the trial court than the verdict of a jury. Acts 1915, p. 824; Code 1923, § 9498; McSwean v. McSwean, 204 Ala. 663, 86 So. 646; Halle v. Brooks, 209 Ala. 486, 96 So. 341.

W. C. Davis and Curtis, Pennington & Pou, all of Jasper, opposed.

The finding of the judge will not be disturbed, the evidence being delivered orally before him. Fitzpatrick v. Stringer, 200 Ala. 574, 76 So. 932; Moon v. Lollar, 203 Ala. 672, 85 So. 6. Where there is any legal evidence to support such finding, it is conclusive. Ex parte Sloss Co., 207 Ala. 219, 92 So. 458; Ex parte L. & N., 208 Ala. 216, 94 So. 289; Ex parte Nunnally, 209 Ala. 82, 95 So. 343; Ex parte Shaw, 210 Ala. 185, 97 So. 694; Ex parte Woodward Ir. Co., 211 Ala. 111, 99 So. 649; Ex parte Thomas, 209 Ala. 276, 96 So. 233. The injury arose out of employment. Ex parte L. & N., supra; Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Wasmuth-Endicott Co. v. Karst, 77 Ind. App. 279, 133 N. E. 609; Granite, etc., v. Willoughby, 70 Ind. App. 112, 123 N. E. 194; 17 Am. Dig. 1523; 1 Honnold, W. C. A. 323, 325; Scott v. Payne Bros., 85 N. J. Law, 446, 89 A. 927; Richards v. Ind., 92 Conn. 274, 102 A. 604; Dixon v. Andrews, 91 N. J. Law, 373, 103 A. 410.

GARDNER, J. Petition for writ of certiorari to review the judgment of the circuit court, awarding compensation to one Charlie York for personal injuries sustained in the coal mine of petitioner De Bardeleben Coal Company. York, a youth, 16 years of age, was employed in said mine as a "pumper" at night, beginning at 6:30 p. m. and being relieved from duty at 5 o'clock the next morning. There were in the mines 13 different points from which the water had to be pumped "consisting of 9 sumps and 4 rooms." The pump served each of these "sumps" and rooms by means of a valve, but only one valve could be operated at one time. York's duties required him to open the valve at the "sump" or room desired to be pumped, remain there until the water was pumped out, close the valve and proceed to the next point where the same operation was repeated. Upon completion of one "circuit" he repeated the operation, making five complete circuits each night.

The following excerpts are taken from the finding of facts by the court:

"Some of the sumps contained more water than others and it took from 10 to 15 or perhaps 20 minutes to pump the water from each sump. There was nothing for the plaintiff to do, while waiting for the water to be pumped out of each room or sump, except to remain at that place until the water had been pumped out, and he would then turn off the valve. * * * About 4:30 o'clock on the morning of March 19, 1923, the plaintiff, while waiting for the water to be pumped out of a sump, had his foot run over by a motor on a track in defendant's mine, and had to be carried to the hospital, and within about 6 weeks thereafter he had his right leg amputated about 3 inches below the knee, because of the injury to his foot. The testimony of the plaintiff showed that he had arrived at the sump, where he received his injuries, some few minutes before the injury occurred, and had turned on the valve and had then fixed his lamp and then sat down within a few feet of the valve, and that he 'kinder sat, squatted down, until the water got out,' and that, while in that position, he 'just kinder fell off to sleep, and when I heard the motor coming I tried to get out of the way'—that he heard the motor coming before it struck him. In answer to the question propounded to him, 'And at that time you was asleep?' the witness answered, 'No, sir; I was just about * * * just kinder dozing off to sleep, and when I heard it I tried to get out of the way.' The testimony of the plaintiff, above referred to, was given in such manner, and demeanor of the plaintiff was such as that the court believes his statement to be true as to what he was doing, and as to the position he was in at and just before he received his injuries. * * * The testimony of the plaintiff was such as that I am firmly convinced that he was not asleep at the time the motor struck him, and the court finds that plaintiff's said injuries were caused by an accident arising out of and in the course of his employment, and that, on account thereof, the plaintiff is entitled to compensation for 125 weeks from and after March 19, 1924."

Petitioner insists the finding of the court is unsupported by the evidence, and accompanies the petition by bill of exceptions duly signed (Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97; Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458; Ex parte L. & N. R. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Shaw, 210 Ala. 185, 97 So. 694), and further urges that the injuries received by York were not sustained in an accident arising out of and in the course of his employment (Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Ex parte Amer. Fuel Co., 210 Ala. 229, 97 So. 711; Ex parte L. & N. R. R. Co., 208 Ala. 216, 94 So. 289). This argument is based solely upon that portion of the evidence tending to show York had fallen asleep at the time the accident occurred.

Particular stress is laid by counsel upon the case of Gifford v. State Ind. Com., 222 N. Y. 4, 117 N. E. 946, 6 A. L. R. 576, wherein it was held the night watchman had abandoned his duty, and fallen asleep in a chair, sustaining injuries from a fall. We are inclined to the view that case is to be differ-

entiated from the instant case, and that the holding of the Connecticut court in Richards v. Indianapolis, etc., Co., 92 Conn. 274, 102 A. 604, is more nearly in point. There, as here, the employee was on duty when the injury was received, during his working hours, while waiting for an opportunity to continue his service of employment. The court there said:

"The accident occurred when the claimant was at a place where he might reasonably be. There was no turning aside upon his part, no attempt to serve ends of his own. The fact that he fell asleep, under the circumstances set forth in the finding, was not decisive of his claim. This, at the most, was negligence, and our Compensation Act of 1913 expressly provides that in an action to recover damages for injuries sustained by an employee arising out of and in the course of his employment, it shall not be a defense that the injured employee was negligent."

[1] A decision upon this question, however, is unnecessary, and is therefore pretermitted, for the reason that the court has found as a fact that the employé was not asleep, and an examination of the bill of exceptions discloses this finding supported by legal evidence. It is held by this court that in such cases "where there is any legal evidence to support the finding such finding is conclusive." Ex parte L. & N. R. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Coleman, 211 Ala. 248, 100 So. 114; Ex parte Nunnally Co.; 209 Ala. 82, 95 So. 343.

"If, on any reasonable view of the evidence, it will support the conclusion reached in the trial court, the finding and judgment will not be disturbed." Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458.

[2] Counsel argue that the conclusion of the court is contrary to the overwhelming weight of the evidence, but this argument overlooks the limited scope of the review by certiorari, which, as often stated, cannot be made to serve the purpose of an appeal. Ex parte Nunnally Co., 209 Ala. 82, 95 So. 343.

[3] York had not been in the employ of the petitioner for 52 consecutive weeks, but worked intermittently during the year preceding for petitioner, and to some small extent for another company. The court in the finding of fact gives in detail the wages earned, and strikes an average weekly earning. There was legal evidence also to support these findings, and is in substantial compliance with that provision of subdivision (g) of section 7551, Code of 1923, to the effect that—

"Where the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof which the employé earned wages shall be followed, provided results just and fair to both parties will thereby be obtained."

Let the petition for a writ of certiorari be denied.

Writ denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.