### CONTINENTAL GIN CO. v. EATON.
### (6 Div. 568.)

(Supreme Court of Alabama. Jan. 21, 1926.)

**1. Master and servant ⇐412—Order granting rehearing in compensation case held reviewable.**

Though in compensation cases technical rules of procedure are disregarded as far as practicable, no reason is thereby afforded why an order granting a rehearing to employee, on motion for new trial, after denial of relief under the Workmen's Compensation Law, should not be reviewed in view of Code 1923, § 7578, as to certiorari.

**2. Master and servant ⇐412—Right to rehearing in compensation case determined by record.**

Whether an employee is entitled to a rehearing after denial of relief under Workmen's Compensation Law is a question to be determined on consideration of the record as in other cases.

**3. Master and servant ⇐411½, New, vol. 5A Key-No. Series—New trial in compensation case held improperly granted, there being no showing of diligence in procuring newly discovered evidence which was merely cumulative.**

Employee's affidavit on motion for new trial in proceeding under Workmen's Compensation Law, stating only that newly discovered evidence offered was not available to him on former hearing, does not show diligence to procure the testimony offered on motion for rehearing, and where, in addition, affidavits showed that new testimony was merely cumulative, court erred in granting the motion.

---

⇐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. New trial ☜99—New trial granted for newly discovered evidence only on showing of diligence and that evidence is not cumulative.**

New trial may be granted for newly discovered evidence only when diligence in preparing case with respect to evidence offered is shown, and new evidence is not merely cumulative of evidence offered at the trial.

Certiorari to Jefferson Circuit Court; John Denson, Judge.

Petition of the Continental Gin Company for certiorari to the circuit court of Jefferson County to review the judgment there rendered in a proceeding under the Workmen's Compensation Act by Jordan Eaton against the petitioner. Writ granted; reversed and rendered.

J. P. Mudd, of Birmingham, for appellant.

The circuit court is without jurisdiction to grant new trial, in compensation cases, after final judgment has been rendered. Code 1923, § 7578; Sloss Co. v. Lang, 213 Ala. 412, 104 So. 770. But if the court has such jurisdiction, the procedure is governed by the same rules governing new trials generally, and in that event plaintiff was not entitled to a new trial. Malone Coal Co. v. Hale, 207 Ala. 335, 92 So. 553; McLeod v. Shelly Co., 108 Ala. 81, 19 So. 326; Webb v. Bryant, 209 Ala. 659, 96 So. 907; Smith v. Bugg, 211 Ala. 341, 100 So. 503; Birmingham v. Kircus, 19 Ala. App. 614, 99 So. 780; K. C., M. & B. v. Phillips, 98 Ala. 159, 13 So. 65; 10 Michie's Ala. Dig. 639; Van Tinder v. B. R., L. & P. Co., 202 Ala. 474, 80 So. 858.

Fred Fite, of Birmingham, for appellee.

The trial court had the right to grant a new trial in this case, and his exercise of discretion in the premises will not be disturbed on appeal, unless abuse is shown.

SAYRE, J. [1] The judge of the circuit denied appellee's petition for relief under the Workmen's Compensation Law, but afterwards, on appellee's motion for a new trial, set aside his finding and ordered a rehearing without more.

[2] We see no reason which should induce this court to hold that the order in question is not the proper subject of review in this court under and in agreement with the general law on the subject of new trials. In compensation cases technical rules of procedure are laid aside as far as practicable; but that affords no reason why the trial court may not correct errors, or why an error of the particular sort alleged in this case should not be corrected on appeal. This we construe to be the effect of the concluding clause of section 7578 of the Code of 1923, reserving to the appellate courts jurisdiction, in such cases, "to review questions of law by certiorari." Whether, on the showing made, appellee was justly due a rehearing is a question to be determined upon consideration of the record as in other cases.

[3, 4] Without going into the merits of the original controversy between the parties—which, it may well be, were correctly reflected in the judgment denying relief—we feel constrained to hold that the motion for a new trial in this case was erroneously granted. On the original hearing the trial judge found that appellee had sustained no injury in the accident of which he made proof. The motion for new trial alleged several grounds; but the evidence adduced by appellee at the hearing of the motion went to the proposition only that appellee had sustained injury in manner and form as alleged by him. We conclude, therefore, that the motion was granted on the ground of newly discovered evidence. Under the general law parties are entitled to a new trial on the ground of newly discovered evidence only when they have shown diligence in an effort to prepare their cases with respect to the evidence offered and the new evidence is not merely cumulative of the evidence offered at the trial. Appellee's affidavit was nothing more than that the newly discovered evidence offered by him "was not available to him on the former hearing of this cause." This by no means showed diligence to procure the testimony offered on the hearing of the motion, and, moreover, the affidavits of the proposed new witnesses show that their testimony on a second trial would be merely cumulative—would tend merely to corroborate the testimony of appellee as to the nature of the injury alleged by him. These considerations suffice to show that under the general law appellee was not entitled to have the judgment against him set aside. 10 Mich. Dig. p. 639, and page 641, § 54. The same rules must be applied in causes of this character to the end that such causes be definitely determined as expeditiously as possible.

The order granting a new trial will be reversed, and the original judgment reinstated.

Writ granted; reversed and rendered.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
214 ALA.—15