(107 So. 905)

**SUMMIT COAL CO. et al. v. WALKER.**
**(6 Div. 496.)**

(Supreme Court of Alabama.    March 25, 1926.)

**I. Master and servant ⊂⊃348.**

Workmen's Compensation Act (Code 1923, §§ 7534–7597) is liberally construed.

**2. Master and servant ⊂⊃412—Finding on evidence in compensation case will not be disturbed on certiorari (Workmen's Compensation Act [Code 1923, §§ 7534–7597]).**

If there is any reasonable view of the evidence that will support conclusion of trial court in awarding compensation for injuries under Workmen's Compensation Act (Code 1923, §§ 7534–7597), finding and judgment will not be disturbed on certiorari.

**3. Certiorari ⊂⊃5(1).**

Certiorari cannot be made to serve purpose of an appeal.

**4. Master and servant ⊂⊃412—Finding on evidence in compensation case conclusive (Workmen's Compensation Act [Code 1923, §§ 7534–7597]).**

Finding of trial court in proceeding under Workmen's Compensation Act (Code 1923, §§ 7534–7597) is conclusive on certiorari, if supported by any legal evidence.

**5. Master and servant ⊂⊃412—Mere incorporation of finding of fact in record on certiorari held not to constitute it bill of exceptions (Code 1923, § 6433).**

Mere incorporation of finding of fact in record on certiorari to review award in compensation proceedings *held* not to constitute it a bill of exceptions, in view of Code 1923, § 6433, where it was nòt signed by trial judge as a bill of exceptions, and was treated by appellant as a finding of fact.

**6. Master and servant ⊂⊃399—Statute authorizing autopsy is not condition precedent to bringing suit (Code 1923, § 7567).**

Code 1923, § 7567, providing that any interested party may require an autopsy, where cause of death is obscure or disputed, may be enforced in and of a pending cause, and not be made a condition precedent to bringing of a suit founded on the pertinent facts.

**7. Master and servant ⊂⊃399—Court may exercise discretion as to continuance pending compliance with order for autopsy under statute (Code 1923, § 7567).**

Where court has jurisdiction, it may, on due application and notice, exercise its judicial discretion as to continuance of trial pending compliance with its order decreeing an autopsy under Code 1923, § 7567, where cause of death is obscure, and may compel enforcement of the statute.

**8. Master and servant ⊂⊃399.**

Judge of circuit court, granting order for autopsy under Code 1923, § 7567, had jurisdiction as circuit court throughout state.

**9. Master and servant ⊂⊃399 — Judgment in compensation proceedings held not invalid for court's failure to enforce compliance with order for autopsy (Code 1923, § 7567).**

Judgment on the facts in proceedings for compensation for death under Workmen's Compensation Act *held* not invalid because court did not enforce order under Code 1923, § 7567, requiring autopsy to ascertain cause of death.

Petition of the Summit Coal Company and American Mine Owners' Mutual for certiorari to the circuit court of Walker county to review the finding and judgment of that court in a proceeding under the Workmen's Compensation Act by Zilla Walker against the petitioners. Writ denied.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for petitioners.

In all death claims, where the cause of death is obscure or is disputed, any interested party may require an autopsy. Acts 1919, p. 223; Code 1923, § 7567. The burden was on plaintiff to prove her case by legal evidence. Ex parte Coleman, 100 So. 114, 211 Ala. 248; Ex parte Sloss-Sheffield, etc., Co., 92 So. 458, 207 Ala. 219. There is no greater presumption in favor of the finding by the trial judge than would be in favor of a jury verdict. Acts 1915, p. 824; McSwean v. McSwean, 86 So. 646, 204 Ala. 663; Halle v. Brooks, 96 So. 341, 209 Ala. 486.

Curtis, Pennington & Pou, of Jasper, for respondent.

A paper purporting to be a bill of exceptions, not signed by the trial judge, will be stricken on motion. Hagin v. Cohen, 81 So. 689, 17 Ala. App. 52; Code 1923, § 6434. Where there is no bill of exceptions, the finding of the trial court is conclusive. Morrow v. Beck, 92 So. 449, 207 Ala. 339; Bissell M. Co. v. Johnson, 97 So. 49, 210 Ala. 38. The finding of the trial court upon evidence taken orally before him should not be disturbed. Fitzpatrick v. Stringer, 76 So. 932, 200 Ala. 574.

THOMAS, J. [1] The Compensation Act (Code 1923, §§ 7534–7597) has been liberally construed in the meeting of the evils sought

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to be remedied. Ex parte W. T. Smith Lbr. Co., 90 So. 807, 206 Ala. 485; Ex parte L. & N. R. Co., 94 So. 289, 208 Ala. 216; Ex parte Central Iron & Coal Co., 95 So. 472, 209 Ala. 22; Ex parte Majestic Coal Co., 93 So. 728, 208 Ala. 86.

[2-5] If there is any reasonable view of the evidence that will support the conclusion announced by the trial court, the finding and judgment will not be disturbed. Ex parte De Bardeleben Coal Co., 103 So. 548, 212 Ala. 533; Ex parte Sloss-Sheffield S. & I. Co., 92 So. 458, 207 Ala. 219. This is the limited scope of the review by certiorari, which cannot be made to serve the purpose of an appeal. Ex parte Nunnally Co., 95 So. 343, 209 Ala. 82. Where there is any legal evidence to support the finding, it is conclusive. Ex parte L. & N. R. Co., 94 So. 289, 208 Ala. 216; Ex parte Nunnally Co., supra; Ex parte Coleman, 100 So. 114, 211 Ala. 248; Ex parte De Bardeleben Coal Co., 103 So. 548, 212 Ala. 533. The evidence heard orally by the' court and set out by the judge is sufficient to support. his finding of facts and judgment thereon. We have treated the facts as set out and preceding the finding and judgment as a finding of fact, and not as a bill of exceptions. It is not sufficient as a bill of exceptions, and the mere incorporation of the same in the record does not constitute it a bill of exceptions. Code 1923, § 6435; Rainey v. Ridgeway, 43 So. 843, 151 Ala. 532; U. S., etc., Co. v. Williams, 104 So. 28, 213 Ala. 115; Chapman v. Hartford Fire Ins. Co., 104 So. 517, 213 Ala. 255.

The record recites:

"After hearing said testimony, the court took same under advice until this date, and finds from the evidence the following facts."

The testimony has been preceded by the words:

"The above-styled case came on for hearing before Hon. R. L. Blanton, one of the judges of said court, on the 13th day of April, 1925, and the following testimony was introduced."

It is not presented to and signed by the trial judge as a bill of exceptions. It was treated by appellant's counsel, not as a bill of exceptions, but as a part of the finding of fact. The court found the evidence that discharged the plaintiff's burden of proof. Ex parte Todd S. & D. D. Co., 103 So. 447, 212 Ala. 477.

A provision of the statute (Code 1923, § 7567) is as follows:

"In all death claims where the cause of death is obscure or is disputed, any interested party may require an autopsy, the cost of which is to be borne by the party demanding the same."

[6-9] This provision may be enforced in and of a pending cause, and not be made a condition precedent to the bringing of a suit founded on the pertinent facts. A court having ju-risdiction, on due application and notice, may exercise its judicial discretion as to a continuance of the proceeding or trial pending. compliance with its order in the premises, and may compel the obedience and enforcement of the statute in the respects indicated. The judge granting the order had jurisdiction as a circuit judge throughout the state. Phillips v. Morrow, 104 So. 260, 213 Ala. 139, 40 A. L. R. 285. The fact that it was not enforced presents no defense to judgment on the facts. The whole matter was before the trial court.

The writ is denied.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.