145 So. 668

## BIRMINGHAM CLAY PRODUCTS CO. v. WHITE.

### 6 Div. 196.

Supreme Court of Alabama.

Jan. 26, 1933.

Wm. S. Pritchard, Jas. W. Aird, and Thos. H. Fox, all of Birmingham, for appellant.

Jim Gibson, of Birmingham, for appellee.

**BROWN, J.**

This is a proceeding under the Workmen's Compensation Act (Code 1923, § 7534 et seq.), predicated on injuries suffered by the plaintiff while working as a miner in a coal mine.

To the complaint as originally filed, Mack Hill and Mack Hill Coal Company were made parties defendant, but on the hearing the complaint was amended by striking as parties defendant Mack Hill and Mack Hill Coal Company, leaving the petitioner as the sole defendant, and, after hearing the evidence, the circuit court denied compensation on the ground that the relation of employer and employee did not exist between the plaintiff and the petitioner, Birmingham Clay Products Company, and judgment was rendered in favor of the defendant.

Thereafter, on motion filed by the plaintiff, the court set aside the judgment and restored the case to the docket for retrial, and the petition for certiorari is brought to review this ruling. Petitioner, invoking the rule established by Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, and other cases of like import,

now insists that the evidence offered on the trial so plainly and palpably supports the conclusion and judgment of the trial court that the order granting the new trial should be reversed.

In Continental Gin Co. v. Eaton, 214 Ala. 224, 225, 107 So. 209, this court entertained and granted a review of such order on petition for certiorari, and it was there observed: "We see no reason which should induce this court to hold that the order in question is not the proper subject of review in this court under and in agreement with *the general law* on the subject of new trials. In compensation cases technical rules of procedure are laid aside as far as practicable; but that affords no reason why the trial court may not correct errors, or why an error of the particular sort alleged in this case should not be corrected on appeal. This we construe to be the effect of the concluding clause of section 7578 of the Code of 1923, reserving to the appellate courts jurisdiction, in such cases, 'to review questions of law by certiorari.' Whether, on the showing made, appellee was justly due a rehearing is a question to be determined upon consideration of the record as in other cases." (Italics supplied.)

██ The only provisions for review of the decisions of nisi prius courts in proceedings under the Workmen's Compensation Act are found in sections 7571 and 7578, Code of 1923, and relate to final judgments or decrees only.

In Summit Coal Co. v. Walker, 214 Ala. 332, 333, 107 So. 905, 906, it was observed: "If there is any reasonable view of the evidence that will support the conclusion announced by the trial court, the finding and judgment will not be disturbed. Ex parte De Bardeleben Coal Co., 103 So. 548, 212 Ala. 533; Ex parte Sloss-Sheffield S. & I. Co., 92 So. 458, 207 Ala. 219. This is the limited scope of the review by certiorari, *which cannot be made to serve the purpose of an appeal.* Ex parte Nunnally Co., 95 So. 343, 209 Ala. 82. Where there is any legal evidence to support the finding, it is conclusive." (Italics supplied.)

And in Woodward Iron Co. v. Jones, 217 Ala. 361, 362, 116 So. 425: "It is established that this court will not look to a bill of exceptions to ascertain the weight or preponderance of the evidence on a given material fact under the Workmen's Compensation Act (Code 1923, §§ 7534–7597). If there is any legal evidence on any reasonable view, or reasonable inference therefrom, that supports the facts found and conclusion announced by the court, it is sufficient under the statute, and the judgment rendered will not be disturbed."

In Guntner v. Wofford & Co., 223 Ala. 420, 137 So. 27: "The statute gives no right of appeal, and the remedy for review is by ap-

plication to the Supreme Court or the Court of Appeals within thirty days after the rendition of the judgment by the circuit court for the writ of certiorari." Carothers v. McNabb, 216 Ala. 366, 113 So. 298, is to the same effect.

■ While the statement in Continental Gin Co. v. Eaton, supra, may seem to indicate that this court, in reviewing an order granting a new trial in a proceeding under the Workmen's Compensation Act, will examine the entire evidence and pass upon its weight and sufficiency to sustain the judgment that has been set aside, what immediately follows clearly indicates that the extent of the review is limited to questions of law, in agreement with our decisions in reviewing cases under the act. The rule announced in Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, is not applicable.

Therefore the record presents but two questions for review. The first is, Did the court have the power to set aside the final judgment and grant the rehearing? and, second, Was there any legal evidence offered on the trial, or newly discovered, that warranted the court in granting the rehearing?

■ The circuit courts and the judges thereof are invested with plenary power in the application and enforcement of the Workmen's Compensation Act, and are authorized to proceed summarily in ascertaining the facts. We entertain no doubt that they have the power and jurisdiction, on timely application and for good and sufficient cause, to vacate and set aside a judgment previously rendered, and re-examine the facts. Such power is essential to the administration of justice. State ex rel. Anseth v. District Court of Koochiching County, 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957; 28 R. C. L. 827, § 116.

There was some legal evidence, if believed, that would support the view that the plaintiff was an employee of defendant. J. E. Ross & Co. et al. v. Collins, 224 Ala. 453, 140 So. 764; State ex rel. Anseth v. District Court of Koochiching County, supra.

The writ is denied, and judgment affirmed.

All the Justices concur.