So in the instant cause, it appears the proof is likewise lacking and subject to the same criticism. There are manifest gaps in the evidence, which inference cannot supply to overcome the presumption of satisfaction written into the case by our own statute and to sufficiently account for the other circumstances or methods adverted to above by which such a judgment might or could have been paid or satisfied.

The judgment is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS, FOSTER, and STAKELY, JJ., concur.

as leaving much to the discretion of the trial Judge in the matter of autopsy mentioned, and the statute was re-enacted without change in this respect following such holding. Upon authority of the Walker case, supra (see also 71 C.J. 1043), the rule nisi is denied and petition dismissed.

GARDNER, C. J., and BROWN, FOSTER, LIVINGSTON, STAKELY, and SIMPSON, JJ., concur.

24 So.2d 540

### Ex parte GADSDEN IRON WORKS, Inc.
### 7 Div. 854.

Supreme Court of Alabama.

Oct. 1, 1945.

John A. Lusk, Jr., of Gadsden, for petitioner.

### PER CURIAM.

The case of Summit Coal .Co. v. Walker, 214 Ala. 332, 107 So. 905, is properly interpreted as construing the concluding sentence of § 293, Title 26, Code 1940,

23 So.2d 519

### WRIGHT v. STATE.
### 7 Div. 843.

Supreme Court of Alabama.

Oct. 11, 1945.

