98 So.2d 614

Edward S. WALDREP

v.

SOUTHERN RAILWAY COMPANY.

6 Div. 71.

Supreme Court of Alabama.

Aug. 22, 1957.

Rehearing Denied Nov. 21, 1957.

Cabaniss & Johnston, Leigh M. Clark and Drayton T. Scott, Birmingham, for appellee.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

654

## PER CURIAM.

This is an appeal by plaintiff from a judgment on a verdict for the defendant in a suit by plaintiff for personal injuries received by him on March 30, 1955, while engaged in his employment in interstate commerce.

The complaint is in two counts. One is for the negligence of the officers, agents or employees of defendant, or by reason of a defect or insufficiency due to negligence of defendant in its engine, appliances, machinery or other equipment, as prescribed by the Federal Employers' Liability Act. Section 51, Title 45 U.S.C.A. The other count alleges that plaintiff's injuries were proximately caused by the defendant using in said interstate operation a switch engine, all of whose parts and appurtenances were not in proper condition and safe to operate in such service in violation of section 23, Title 45 U.S.C.A., known as the Boiler Inspection Act.

■ It is necessary to prove negligence in connection with the alleged defect in count 1, not confined to the engine or some of its parts. It is not necessary to prove negligence under count 2, but the defect must be as to the switch engine or some of its parts. In support of count 1 the evidence of negligence related to a defect or insufficiency of the switch engine. In support of count 2 the evidence of the defect was also in respect to the same switch engine. So that the issues submitted to the jury in both counts as shown by the evidence were dependent upon a defect or insufficiency in the switch engine or some part of it.

The true issues and necessary proof as to them, respectively, have been often stated and were very fully, clearly and correctly explained by the court in the oral charge to the jury in this case. There was no possibility of a misunderstanding of them and the duty and province of the jury in that respect. There is not the slightest suggestion of prejudicial occurrences in the trial by the judge, jury, counsel or anyone else.

There are only two assignments of error argued in appellant's brief. One is for overruling the motion for a new trial, and the other is a ruling on evidence to which we will refer later.

There is only one ground in the motion for a new trial which is argued, and that is on newly discovered evidence.

Plaintiff was a switchman for defendant and served as such on the diesel engine in question, operating in the yard at Sheffield. Plaintiff had something in his shoe and went into the cab of the engine to remove it. Another switchman, one Reed, was serving for plaintiff during that time and after doing so went up the steps on the back of the engine and on to the deck and opened a steel door to the cab where plaintiff was correcting the trouble with his shoe. Plaintiff claims to have been injured by this steel door, and sues for such injuries.

The only contention, as we have said, made on appeal in respect to the motion for a new trial is based on a claim of newly discovered evidence. The evidence submitted on the motion for new trial was in the nature of affidavits of certain witnesses whose knowledge about the matter was newly discovered.

Many of the plaintiff's witnesses were fellow employees, and plaintiff's counsel in the preparation of the case caused those witnesses to be interviewed. They all are alleged to have stated fully that the door was hard to open and hung in closing it.

Plaintiff's counsel caused to be interviewed all of the train crew thus engaged. Those trainmen had given written statements to defendant's investigator that there was nothing wrong with the engine or door. Plaintiff's counsel knew that was one of the controlling issues of fact in the case; and in their brief, after referring to the written statements signed by the witnesses as being controlling against them on the trial, further state: "Bearing that in mind, after the verdict and in connection with the motion for a new trial, we set out to find what was really the truth and we interviewed and obtained statements from other Southern Railway crews who used the engine (Diesel 2001) on other occasions and on other shifts". In pursuit of that inquiry they obtained and introduced in evidence affidavits from those crew members who had used the engine, including an effort to correct what they call a defect made some material time before plaintiff's accident.

All of those affidavits were for the purpose of proving that there was such a defect at the time plaintiff claims to have been injured. Some of it was cumulative, all was corroborative, and all was obtained by reason of the diligence exerted after the verdict of the jury in favor of the defendant.

In that connection, it is not a question of whether the plaintiff was justified in believing he had made a full investigation of the matter material to his case, but if he makes further inquiry after his case is decided and thereby obtains evidence, either corroborative or cumulative, in favor of his contention, the law does not excuse him on account of his failure to have done so before the trial occurred because he may have exerted a reasonable effort. There is no law which supports any such contention which is recognized by this court.

■ On the other hand, the law is well settled by a great many of our cases that it is not sufficient after the trial to set out to find what was really the truth.

The plaintiff was under the duty to find out all of the facts that he could find out by reasonable diligence before the trial and the fact that he discovered evidence by his own diligence, and not by accident on voluntary information given him by others, is not sufficient to satisfy the rule of our cases. It is only necessary to cite some of the cases to that effect without undertaking to quote their language because such is their meaning. In that connection we cite: Kansas City, M. and B. R. Co. v. Phillips, 98 Ala. 159, 13 So. 65; Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; Oliver's Garage v. Lowe, 212 Ala. 602, 103 So. 586; Continental Gin Co. v. Eaton, 214 Ala. 224, 107 So. 209.

■ The remaining assignment of error and the only other one argued in brief relates to a ruling of the court in sustaining the objection of defendant to the statement of witness Reed who testified as plaintiff's witness. He had made a statement to defendant's investigator which defendant introduced in evidence and which was somewhat different from his testimony given on the stand as plaintiff's witness. There is no objection to that statement urged on this appeal. But before the trial plaintiff's investigator had obtained a statement from Reed which supported his testimony as given in court. On the trial after defendant had introduced the conflicting statement, the plaintiff offered in evidence the supporting statement which Reed had given to plaintiff's investigator. The court sustained objection to it made by defendant and that is the ruling now being considered.

It will be seen that the question at issue was the exact truth of Reed's testimony given in the case. The proffered affidavit in question tended to support Reed's evidence given on the trial.

Appellant's counsel in brief are very frank to admit that the decisions of this Court do not support their contention. And well they may, for the decisions do not support such contention. The fact that witness Reed made a conflicting statement to

defendant's investigator does not alter the rule. Nichols v. Stewart, 20 Ala. 358; McKelton v. State, 86 Ala. 594, 6 So. 301; Jones v. State, 107 Ala. 93, 18 So. 237; Long v. Whit, 197 Ala. 271, 72 So. 529.

The ruling of the court thus assigned as error is not erroneous, and therefore there is no error in the record which has been assigned and argued in appellant's brief.

It results that the judgment of the trial court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN and COLEMAN, JJ., concur.