## No. 11,140.

## STOCKDALE *v.* INDUSTRIAL COMMISSION, ET AL.

Decided January 5, 1925.   Rehearing denied February 2, 1925.

Proceeding under the workmen's compensation act. Compensation reduced fifty per cent. for violation of safety rule.

### *Affirmed.*

1.  WORKMEN'S COMPENSATION—*Words and Phrases—Wilful.* "Wilful," means with deliberate intent. Under section 4457, C. L. '21, reducing workmen's compensation 50 per cent for wilful failure to obey a safety rule, it is held that the failure is wilful if the employe, knowing the rule, intentionally performs the forbidden act.

2.  *Safety Rule—Publication.* Where employes were forbidden to cross a bridge with teams, attempted repairs to the bridge by third party did not necessitate republishing the order.

3.  *Safety Rule—Violation.* Section 4457, C. L. '21, reducing workmen's compensation 50 per cent for wilful violation of a safety rule refers to accidental death as well as injuries resulting from disobedience.

4.  *Common-Law Defenses.* Section 4457, C. L. '21, concerning workmen's compensation, has nothing to do with, and does not restore the fellow servant rule, doctrine of assumption of risk or contributory negligence, abolished by other enactments.

5.  *Safety Rules—Publication.* Orally forbidding employes to use a bridge, held sufficient to constitute a safety rule under the provisions of section 4457, C. L. '21.

*Error to the District Court of Montrose County, Hon. Thomas J. Black, Judge.*

Mr. L. C. KINIKIN, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, Mr. F. W. VARNEY, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE district court affirmed an award by the Industrial Commission in favor of Dale Hunter, minor dependent of Harold Hunter. Laura Stockdale, who brought this action on behalf of the minor, brings the case here for review because the Commission reduced the award fifty per cent, under C. L. § 4457, on the ground that the death resulted from Hunter's "wilful failure to obey" a rule adopted by his employer for his safety.

Hunter met his death by the breaking of a bridge across which he was driving a team of horses attached to a wagon which carried a large tank filled with water. He and all his fellow teamsters had been warned that the bridge was unsafe and forbidden under pain of discharge to use it with teams.

1. The chief point made against the finding of the Commission is that there is no evidence that the disobedience was "wilful." The meaning of the word, as used in this place, is "with deliberate intent." If the employee knows the rule and yet intentionally does the forbidden thing he has "wilfully failed to obey" the rule. It is not necessary for the employer to show that the employee, having the rule in mind, determined to break it; it is enough to show that, knowing the rule, he intentionally performed the forbidden act. Such an act as driving across a bridge cannot be unintentional. Hunter deliberately and intentionally drove onto the bridge. There was no sudden emergency calling for action without deliberation, his team was under control, the act was not instinctive or with sudden impulse as in *Hyman Bros. etc., Co. v. Ind. Acc. Com.,* 180 Cal. 423, 181 Pac. 784. The petitioner urges that the word wilful must have a connotation of bad purpose, that there must be an intent to do something wrong. He cites *Williams v. People,* 26 Colo. 272, 274, 57 Pac. 701. That, however, was a criminal case, involving the construction of a criminal statute and can give us little aid here, and the construction

there given would subvert the purpose of the section in question, which is to give the employer power to protect his servants from harm and himself from liability by safety rules. This is too obvious to need exposition.

2. But between the making of the rule and the accident the bridge had been repaired and petitioner says the rule should have been republished or that the employees should have been rewarned. The bridge did not belong to the employers but to a farmer who owned the land on which it stood, and it was he who did the repairing. Hotchkiss, the employer in charge of the work, says that the repairs made it weaker rather than stronger. He, therefore, did not rescind his rule. Why should he renew it? It was still in force.

3. It is claimed that Hotchkiss gave Hunter leave to cross the bridge at the time in question, but Hotchkiss testified, and we must take it as true, that he directed Hunter to cross the bridge with the tank empty, and to fill it afterwards.

4. The petitioner insists that said section 4457 does not refer to death, but only to *injury* resulting from disobedience. There is room for argument on this point but in the case of *Ind. Com. v. Funk,* 68 Colo. 467, 191 Pac. 125, we affirmed an order of the commission reducing the compensation 50 per cent. where death had ensued. That construction must stand till the legislature directs otherwise.

5. It ought to be unnecessary to say that the section in question has nothing to do with the fellow servant rule or the doctrine of assumption of risk or contributory negligence, still less does it restore those defenses, abolished by other enactments.

6. It is seriously contended that the rule in question was not adopted and was not posted. The servants were orally forbidden to use the bridge and that was enough. *Ind. Com. v. Funk, supra.*

The judgment of the district court is affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE WHITFORD concur.