(104 So. 770)

## SLOSS–SHEFFIELD STEEL & IRON CO. v. LANG. (6 Div. 389.)

(Supreme Court of Alabama. May 28, 1925. Rehearing Denied June 25, 1925.)

**1, Judgment ⬅➡444.—Bill will not lie to cancel judgment procured on false testimony; unmixed with accident or fraud.**

A bill in equity will not lie to cancel a judgment procured on false testimony, unmixed with accident or fraud on part of successful party.

**2. Master and servant ⬅➡411.—Award of compensation held final.**

An award in compensation proceeding, which was rendered under Workmen's Compensation Act, § 28, and not under section 12b, is, under the terms of section 28, final, except for enforcement and collection of moneys recovered.

Appeal from Circuit Court, Bessemer Division, Jefferson County; J. C. B. Gwin, Judge.

Bill in equity by the Sloss-Sheffield Steel & Iron Company against Allen Lang. From a decree sustaining demurrer to and dismissing the bill for want of equity, complainant appeals. Affirmed.

Bradley, Baldwin, All & White and A. Key Foster, all of Birmingham, for appellant.

A judgment at law, procured by fraud of the successful party, will be enjoined by a court of equity. Cromelin v. McCauley, 67 Ala. 542; Story's Eq. Jur. (13th Ed.) § 1574; Peterson v. Blanton, 76 Ala. 264; Hardeman v. Donaghey, 170 Ala. 362, 54 So. 172; De Soto C. M. & D. Co. v. Hill, 188 Ala. 667, 65 So. 988; Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Graves v. Graves, 132 Iowa, 199, 109 N. W. 707, 10 L. R. A. (N. S.) 216, 10 Ann. Cas. 1104. An award of compensation, payable periodically, is not a final judgment. Acts 1919, §§ 12b, 26, p. 206; Friese v. Hummel, 26 Or. 145, 37 P. 458, 46 Am. St. Rep. 610.

Perry, Mims & Green, of Bessemer, for appellee.

Equity will not grant relief, unless it is shown that complainant was prevented from making his defense. Cromelin v. McCauley, 67 Ala. 542; Peterson v. Blanton, 76 Ala. 264; Roebling Sons Co. v. Stevens Elec. Co., 93 Ala. 41, 9 So. 369; Noble v. Moses, 74 Ala. 616; Foshee v. McCreary, 123 Ala. 493, 26 So. 309; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; De Soto Co. v. Hill, 188 Ala. 667, 65 So. 988; Edmondson v. Jones, 204 Ala. 132, 85 So. 799. Equity will not enjoin a judgment at law on the ground of newly discovered evidence. De Soto Co. v. Hill, supra; Waters v. Creagh, 4 Stew. & P. (Ala.) 410.

ANDERSON, C. J. [1] The bill in this case seeks to cancel or annul a judgment previously obtained by the respondent against the complainant, at law, under the Workmen's Compensation Act, and, when boiled down to a final analysis, is based upon the sole fact that respondent testified falsely upon the trial as to the cause and extent of his injury, and that complainant has since discovered new evidence contradictory of the respondent's evidence as to this fact; in other words, that the judgment was procured on false or perjured testimony. Whatever the rule may be in other jurisdictions, this court has firmly adhered to the one that a bill in equity will not lie to cancel a judgment procured on false testimony, unmixed with accident or fraud on the part of the successful party against the other which prevented him from making his defense. De Soto Co. v. Hill, 188 Ala. 667, 65 So. 988; Hardeman v. Donaghey, 170 Ala. 362, 54 So. 172, and cases there cited.

[2] It is suggested, in brief of appellants' counsel, that the judgment or award was not final under section 12b of the Workmen's Compensation Act (section 7550 of the Code of 1923). Whether or not this, if true, would have any bearing upon the equity of the present bill, we need not decide, for the reason that section 7550 applies to settlements between the parties; though we do not mean to hold that a judgment or award rendered pursuant thereto would not be final as to all matters anterior thereto. We take it, however, from the averments of the bill, that the judgment in question was not rendered under section 7550, but under section 28 of the Workmen's Compensation Act (section 7578 of the Code of 1923), which, among other things, provides:

"This determination shall be filed in writing, with the clerk of said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court. * * * Subsequent proceedings thereon shall only be for the recovery of moneys thereby determined to be due."

The judgment is therefore given finality by the statute, except in the case there provided for the enforcement and collection of same.

The trial court did not err in sustaining the demurrer to the bill as amended, and the decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes