(113 So. 271)

## SLOSS–SHEFFIELD STEEL & IRON CO. v. GREER. (6 Div. 894.)

Supreme Court of Alabama. May 26, 1927.

1. **Master and servant** &roma;411½, 412—**Verdict on issue of employee's willful misconduct is subject to court's usual powers over verdict contrary to evidence or law (Code 1923, § 7571).**

Jury's verdict in trial on issue of employee's willful misconduct under Code 1923, § 7571, is subject to usual powers of trial, and Supreme Court's as to verdicts contrary to evidence or law.

2. **Master and servant** &roma;409½—**Cause and manner of employee's injury held for jury on evidence on issue of willful misconduct (Code 1923, § 7571).**

Cause and manner of employee's injury *held* for jury on conflicting evidence in trial on issue of willful misconduct under Code 1923, § 7571.

3. **Appeal and error** &roma;1005(3)—**Denial of new trial is not error, where jury's finding on conflicting evidence was not against great weight of evidence.**

Trial court will not be put in error for overruling motion for new trial, if jury's finding on conflicting evidence was not contrary to great weight of evidence.

4. **Master and servant** &roma;403—**Burden of proving employee's willful misconduct is on employer pleading it (Code 1923, §§ 7534, 7544, 7571).**

Burden of proving employee's willful misconduct, in trial of such issue under Code 1923, § 7571, is on employer pleading it, under sections 7534, 7544.

5. **Master and servant** &roma;410½—**Verdict that employee did not willfully contribute to cause of accident held in statutory form (Code 1923, § 7571).**

Verdict, "We, the jury impaneled to try the issue of willful misconduct of" employee, "in a willful breach of a reasonable rule or regulation of" employer, "find that said" employee "did not willfully contribute to the cause of the accident," etc., *held* in form provided by Code 1923, § 7571.

6. **Master and servant** &roma;380—**Employee's "willful misconduct" is more than mere negligent, unconscious, or involuntary violation of known reasonable rule. (Code 1923, §§ 7534, 7544).**

"Willful misconduct" of employee, within Code 1923, §§ 7534, 7544, is more than a mere negligent, inadvertent, unconscious, or involuntary act or violation of a known reasonable rule or regulation of employer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Willful Misconduct.]

7. **Master and servant** ☜➡380—Refusal of charge that employee's conscious or intentional violation of reasonable rule constitutes "willful misconduct" held error (Code 1923, §§ 7534, 7544, 7571).

In trial on issue of employee's willful misconduct, under Code 1923, § 7571, court erred in refusing charge that conscious or intentional violation of known reasonable rule, which constitutes willful misconduct, under sections 7534, 7544, is conscious or intentional doing of act violating rule, and does not mean that employee must be thinking of breaking rule when act is done.

8. **Master and servant** ☜➡380—Employer pleading employee's willful violation of known rule must show intentional doing of act violating rule, whether intentionally or not (Code 1923, §§ 7534, 7544).

Employer, setting up defense of employee's willful violation of known reasonable rule, under Code 1923, §§ 7534, 7544, must show that employee, knowing rule, intentionally did an act, which was violation thereof, with knowledge and appreciation of what such violation involved and of nature and probable result of misconduct, not that he did it for purpose and with specific intent of violating rule.

9. **Master and servant** ☜➡410—Refusal of charge that employee's conscious or intentional violation of reasonable rule constitutes willful misconduct held not cured by oral charge.

Error in refusing charge that conscious or intentional violation of known reasonable rule, which constitutes willful misconduct of employee, is conscious or intentional doing of act which violates rule, though he was not thinking of breaking it, *held* not cured by oral charge not fully and fairly instructing as to violation of rule or regulation, applicable to time and place of act and manner of injury, as applicable to evidence.

10. **Master and servant** ☜➡380 — Refusal of charge that employee's conscious or intentional violation of known reasonable rule is willful misconduct held error (Code 1923, §§ 7534, 7544, 7571).

In trial of issue of employee's willful misconduct, under Code 1923, § 7571, charge that conscious or intentional, as distinguished from negligent, inadvertent, unconscious, or involuntary, violation of known reasonable rule of employer, is willful misconduct within sections 7534, 7544, should have been given.

Proceeding under the Workmen's Compensation Act by Lillie Greer, for compensation for the death of Richard Greer, employee, opposed by the Sloss-Sheffield Steel & Iron Company, employer. Judgment for claimant, and the employer brings certiorari. Writ awarded, judgment reversed, and cause remanded.

Bradley, Baldwin, All & White, S. M. Bronaugh, and W. M. Neal, all of Birmingham, for appellant.

A jury verdict in compensation cases is subject to the same powers of the courts as verdicts rendered contrary to evidence or law in common-law actions. Code 1923, § 7571; Continental Gin Co. v. Eaton, 214 Ala. 224, 107 So. 209. No compensation can be awarded for an injury caused by willful misconduct of the injured employee, by his willful failure to use safety appliances, or willful breach of reasonable rule or regulation of the employer of which the employee had knowledge. Code 1923, §§ 7534, 7544; Bay Shore Ldy. Co. v. Ind. Comm., 36 Cal. App. 547, 172 P. 1128; McAdoo v. Ind. Acc. Comm., 40 Cal. App. 570, 181 P. 400; Rask v. Atchison, etc., R. Co., 103 Kan. 440, 173 P. 1066; Pac. Coast Cas. Co. v. Pillsbury, 31 Cal. App. 701, 162 P. 1040. Conscious or intentional violation, of a rule or regulation does not mean that the employee must be thinking of breaking the rule at the time the act is done, but that the employee must consciously or intentionally do the act which is in violation of the rule. Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103; Great West. Power Co. v. Pillsbury, 170 Cal. 180, 149 P. 35; Stockdale v. Ind. Comm., 76 Colo. 494, 232 P. 669; Schneider, Workmen's Comp. Law, § 282; Honnold, Workmen's Comp. § 141.

Charlton & Charlton, of Birmingham, for appellee.

Where the evidence is conflicting, the judgment will not be disturbed on appeal. Cobb v. Malone, 92 Ala. 630, 9 So. 738. Where willful misconduct is set up as a defense, the burden of proof thereof is on the employee. Code 1923, § 7544. Willful misconduct differs from mere negligence or gross negligence, and is not the inadvertent or involuntary violation of a known rule or regulation of the employer. Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103; Schneider, Workmen's Comp. Law, 624; Brooklyn Co. v. Ind. Acc. Comm., 172 Cal. 774, 159 P. 162; Burns' Case, 218 Mass. 8, 105 N. E. 601, Ann. Cas. 1916A, 787; Nickerson's Case, 218 Mass. 158, 105 N. E. 604, Ann. Cas. 1916A, 790.

THOMAS, J. A jury trial was had under the statute on the issue of willful misconduct vel non for a special finding of fact. Section 7571, Code of 1923.

[1] When a jury trial on the issue of willful misconduct is had under the Compensation Act, the verdict of the jury is "subject to the usual powers of the court and in this court as to verdicts rendered contrary to the evidence or the law." Cont. Gin Co. v. Eaton, 214 Ala. 224, 107 So. 209.

[2, 3] There were conflicting tendencies of the evidence presenting a jury question, as to the cause and manner of the injury and as the basis of the issue submitted for the special finding of fact. And the trial court will not be put in error for overruling the motion for a new trial if the finding was not contrary

to great weight of evidence—that there was sufficient evidence to support the finding. Cobb v. Malone, 92 Ala. 630, 9 So. 738; McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

[4, 5] The willful misconduct of the employee being set up by the answer of the employer, the burden of proof as to this is upon this pleader. Such is the effect of the statute. Code of 1923, §§ 7534, 7544; Ex parte Little Cahaba Coal Co., 213 Ala. 244, 104 So. 422. And a jury trial was had as provided (section 7571, Code of 1923) upon this defense, that resulted in adverse finding to the employer. The verdict on the issue was as follows:

"We, the jury impaneled to try the issue of willful misconduct of Richard Greer, deceased, in a willful breach of a reasonable rule or regulation of defendant or the willful failure or refusal to use safety appliances provided by defendant, make a special finding of facts as follows: We find that said Richard Greer, deceased, did not willfully contribute to the cause of the accident that involves this issue. From the evidence, we do not find that he was sitting on the rail at any time, and regardless of the fact that, if he had been sitting there in violation of any rule of the defendant, that adequate safety appliances were not provided by the defendant, and therefore he was liable to injury at any time."

It was in form as provided by statute. Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103.

[6] This court has recently defined willful misconduct. It is more than a mere negligent, inadvertent, unconscious, or involuntary act or violation of a known reasonable rule or regulation of the employer. In Ex parte Woodward Iron Co., 212 Ala. 200, 102 So. 103, it is said:

"We think that the phrase 'willful misconduct,' as used in the act, includes all conscious or intentional violations of definite law or definitely prescribed rules of conduct, as to which obedience is not discretionary, as contradistinguished from inadvertent, unconscious, or involuntary violations thereof;" that "mere violation of rules, when not willful or intentional, is not 'willful misconduct' within the meaning of the law;" that "violations not willful were not intended to exclude the employee from the class entitled to compensation."

The trial court instructed the jury on this issue, and held, as a matter of law, that the defendant had a reasonable rule forbidding employees to sit upon the fence separating the platform in front of the ovens from the way or track on which the "hot car" ran. It is shown without contradiction that this rule was well known to the deceased, and that signs to that effect were conspicuously posted at intervals on that fence containing the words, "Danger—lookout for hot cars—remain inside of the rail."

The question now presented for decision is insisted not to have been decided in this state. It is whether the intentional act of an employee, in violation of a known reasonable rule, with full appreciation of what that violation involved, was a willful misconduct within the meaning of sections 7534, 7544, Code of the Compensation Act, or whether it was required that the specific intent to violate the rule be shown. These are general authorities to the effect that the conscious and intentional act was sufficient, without regard to the specific intent to violate the known reasonable rule. See G. W. P. Co. v. Pillsbury, 170 Cal. 180, 149 P. 35, violated rule against cutting live wire without using rubber gloves; Lobdell Car Wheel Co. v. Subielski (Del. Super. Ct.) 125 A. 462, and N. C. & St. L. Ry. Co. v. Coleman, 151 Tenn. 443, 269 S. W. 919, willfully failing to wear goggles in violation of rule; Bay Shore Laundry Co. v. Ind. Accident Com., 36 Cal. App. 547, 172 P. 1128, removing the required guards from a machine; Stockdale v. Industrial Com., 76 Colo. 494, 232 P. 669, using a forbidden way.

[7, 8] The eleventh ground of the petition or assignment of error is:

"The court erred in refusing to give to the jury the following written charge, duly requested by the defendant: 'The court charges the jury that the conscious or intentional violation of a known reasonable rule, which constitutes willful misconduct, is the conscious or intentional doing of an act which violates the rule, and that "conscious or intentional" violation does not mean that the employee must be thinking of breaking the rule at the time the act is done, but does mean that the employee must consciously or intentionally do the act which is in violation of the rule, consciously or intentionally doing such act, he is guilty of willful misconduct.' "

[9] The charge should have been given. The effect or result of the decision of Ex parte Woodward Iron Co., supra, was that an employee may be guilty of a breach of a reasonable rule of which he had knowledge, though he was not for the moment conscious of breaking that rule, provided that such employee was at the time fully conscious of his act and result and intentionally did or omitted to do the act required or forbidden by the rule. To hold that, before an employee can be guilty of a breach of a rule, he must have thought or deliberated as to the rule and its breach, would take away the defense of willful violation of a known reasonable rule, and limit the scope or definition of willful misconduct; that is to say the requirement of the statute of an employer in setting up a defense of willful violation of a known reasonable rule is that the employer show that the employee intentionally did an act which is in violation of a known and reasonable rule, that was known to the actor, and that the act was with a knowledge and appreciation on the part of the actor, of what that violation involved, and the natural and probable result of the misconduct in the premises. Stockdale v. Industrial Com., 76 Colo. 494, 232 P. 669.

The test is not the doing of an act for the purpose and with the specific intent of violating a rule, but the willful and conscious doing of the act which is in violation of the reasonable rule known to the actor. If, then, the actor knows the rule, and the natural, probable, and serious result of its violation and with such knowledge does the act of violation, such act is deliberately done and is willful misconduct. The oral charge did not cure the error in refusing the charge, since the instruction did not fully and fairly instruct as to violation of the reasonable rule or regulation having application to the time and place of his act and manner of his injury, as applicable to the evidence.

[10] The ninth ground or assignment of error presents for review the action and refusal of the trial court to give charge as follows:

"The court charges the jury that conscious or intentional violation as contradistinguished from inadvertent, unconscious, or involuntary violation of a reasonable rule of conduct of the employer, of which rule the employee had knowledge, and as to which obedience is not discretionary, is willful misconduct within the meaning of the Compensation Act."

It was within the rule of Ex parte Woodward Iron Co., 212 Ala. 220, 223 (2), 102 So. 103, and should have been given.

The petition for certiorari is granted, and the writ is awarded, and the judgment of the circuit court is reversed, and the cause is remanded.

Petition granted; writ awarded; judgment reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.