(136 So. 820)

### TENNESSEE COAL, IRON & R. CO. v. JORDAN.

#### 6 Div. 906.

Supreme Court of Alabama.

June 11, 1931.

Rehearing Denied Oct. 15, 1931.

Benners, Burr, McKamy & Forman, of Birmingham, for appellant.

W. Emmett Perry, of Birmingham, for appellee.

FOSTER, J.

After the death of an employee serving under the Workmen's Compensation Law (Code 1923, § 7534 et seq.), a woman alleged to be the widow by a common-law marriage filed a petition for compensation for herself and a minor child, the fruit of such marriage. The court awarded them compensation upon a finding that petitioner was the common-law wife of deceased, and that the child was born of such marriage. It was awarded in a lump sum, presumably by agreement of the parties under section 7573, Code. The amount was promptly paid.

Later the petition of one John Jordan was presented, alleging that he was the only surviving dependent of deceased, and was his child by a valid marriage, and that his mother was dead. The employer set up as a defense the proceedings by the so-called common-law wife and widow in bar of this claim of petitioner to the extent of the amount of that judgment. But the court held it to be no bar to relief to any extent, and found that petitioner was the only surviving dependent, and awarded full compensation to him. The employer by certiorari seeks to review this judgment of the court.

The contention made is that the judgment in favor of the woman and child are conclusive against the right of this petitioner to be awarded compensation, not controverting the fact found on the hearing that he is the sole surviving dependent of deceased. It is argued that, if the employer is not protected by the judgment of the court in the former proceeding, it is without remedy against the two judgments of the same court awarding full compensation to different persons, thereby entailing a double payment of the one liability. They observe that defendant could not take advantage of the interpleader provisions of section 7571, Code, because they did not know of the adverse claim by this petitioner at the time of the hearing. Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 649.

We admit the hardship to defendant from the circumstances, but we cannot set aside established principles of law, and deprive petitioner (John Jordan) of his legal claim as the sole surviving dependent because of proceedings of which he had no notice. The employer, upon discovering the claim of this petitioner, was not without remedy to vacate the former judgment, if procured by fraud, or on the production of newly discovered evidence. The usual remedies obtain to vacate such a judgment, either in the same court or in equity, as apply to judgments in other proceedings. Sloss-Sheffield S. & I. Co. v. Greer, 216 Ala. 267, 113 So. 271; Continental Gin. Co. v. Eaton, 214 Ala. 224, 107 So. 209; Sloss-Sheffield S. & I. Co. v. Lang, 213 Ala. 412, 104 So. 770. Such is also the con-

struction of the Minnesota statute by the courts of that state. State ex rel. Klemer v. District Court, 134 Minn. 189, 158 N. W. 825.

But otherwise the judgment is final and conclusive between the parties, subject to change due to conditions occurring thereafter affecting the proportionate rights of the parties to the amount awarded. Ex parte Central Iron & Coal Co., 212 Ala. 367, 102 So. 797; Sloss-Sheffield S. & I. Co. v. Lang, supra.

The petition in this case was filed within four months after the judgment in the former, so that defendant could have then proceeded under section 9521, Code, the four-month statute, or in equity in due time even after the expiration of four months.

The fact that the alleged widow may not be financially able to restore the amount paid to her under that judgment is a risk to which every defendant is subjected, upon the payment of a judgment procured by fraud, or subject to be set aside for other cause afterwards discovered.

We also observe that, without the use of the right of interpleader, a defendant can be made subject to the double payment of a single liability, by separate judgments in favor of separate claimants. This situation is what gave rise to the equitable, and later a statutory, right of interpleader. 33 Corpus Juris, 438; Johnson v. Blackmon, 201 Ala. 537, 78 So. 891. The two judgments may be effective in the same court at the same time, in favor of different parties, and will require a double payment, unless proper steps are pursued in a timely manner to prevent it. Chapter 351, Code, is devoted to interpleader at law and in equity, and section 7571, Code, provides for it in compensation cases.

We are clear that the existence and payment of the judgment in favor of the alleged widow and her child are no bar to the right of this petitioner, if such right is duly established.

The circuit court correctly so held, and its judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.