No. 15,047.

McCULLOCH *v.* INDUSTRIAL COMMISSION ET AL.

(123 P. [2d] 414)

Decided February 2, 1942.   Rehearing denied March 16, 1942.

124

Mr. George M. Gibson, for plaintiff in error.

Mr. Gail Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. Henry L. Stark, Assistant, Mr. Thomas M. Burgess, for defendants in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

A proceeding under the Workmen's Compensation Act. The Industrial Commission and the district court, in turn, found for claimant, but because of the latter's failure, as further found, to obey a reasonable safety

rule, the compensation to be paid was reduced fifty per cent.

It appears that claimant was employed by defendant in error Pikes Peak Fuel Company, as a coal miner, and that in the course of such employment he received particles of coal in his left eye which resulted in permanent loss of the vision thereof. If there was a company rule requiring miners to wear goggles while performing the kind of work which engaged claimant's attention at the time of the accident, as contended by defendants in error, and that claimant was not wearing goggles at such time, as they further contend, then a situation arose which is controlled by the applicable provisions of section 362, chapter 97, volume 3, '35 C.S.A., which are as follows: "The compensation provided for herein shall be reduced fifty per cent: (a) Where injury is caused by the wilful failure of the employee to use safety devices provided by the employer. (b) Where injury results from the employee's wilful failure to obey any reasonable rule adopted by the employer for the safety of the employee."

After a first hearing conducted in due course on which a referee of the commission found and awarded as indicated, which award was thereafter approved by the commission, on claimant's petition for a review the matter was reopened, and on a more extended hearing, particularly as to the existence of the claimed rule and claimant's conduct with relation thereto, the commission affirmed and approved its original findings and award. The district court in an appropriate action, upon reviewing the record and proceedings, entered its judgment affirming the commission's award.

This judgment is variously challenged, and the points urged against it have been ably presented. Our study of the record, however, leads to the conclusion that the controlling question is one of fact. There was evidence to the effect that a rule of the employer required its employees engaged in work of the nature of

that which was being performed by claimant at the time of the accident, to wear goggles; also it appeared from the evidence that to a considerable degree claimant was not observant of the rule. The commission, considering the record developed on two hearings, as we have seen, resolved that there was such a rule, and that claimant had not been mindful of it. The district court, as already stated, resolved as had the commission. We entertain no convictions which warrant us in overruling its action.

Let the judgment be affirmed.

*On Petition for Rehearing.*

MR. JUSTICE HILLIARD.

■■ Counsel for claimant confuses mildness of expression in our opinion with lack of apprehension of the record. Perhaps it were well to amplify. From claimant's own testimony it appears that from responsible company source he was apprised that he should wear goggles while engaged in the kind of work which he was performing when the accident occurred. In the course of his examination in the hearing before the referee he was shown glasses, and in answer to inquiry, said: "That is the glasses, the safety glasses we were supposed to wear. Q. Were those the ones you wore part of the time on December 22nd, 1939, when this accident occurred? A. Yes. * * * Q. Who gave them to you? Mr. Murphy [Identified as mine foreman or superintendent]. Q. What did Mr. Murphy tell you when he issued those? A. Well, we were to wear them where it was deemed necessary, where coal was flying or we was picking." Such oral direction sufficed. Formal adoption and posting of the rule by the company was not necessary. *Stockdale v. Industrial Commission,* 76 Colo. 494, 232 Pac. 669. The order to claimant, although given orally in the manner mentioned in the record "was a safety rule, within the meaning of the Act." *In-*

*dustrial Commission v. Funk,* 68 Colo. 467, 191 Pac. 125. The violation of a reasonable safety rule does not operate to "defeat compensation, but only reduces. it fifty per cent." Ibid. Only to the indicated limited extent was the rule employed in this proceeding.

Did claimant violate the rule or order? He was asked: "Do you know when you got this coal in your eye? A. I couldn't say exactly. It was when we were working. You always get a certain amount of stuff in your eyes and you never think a great deal about it. We use a wash. Q. Do you wear goggles? A. I had been. I might not have had them on at that time. Q. You are supposed to wear them when you are working? A. Well, as soon as conditions seem to demand it." Again: "Q. Did you have your goggles on when you noticed you had something in your eye? A. Well, I couldn't tell you exactly that. I know when the coal got to popping so bad I had to put them on." At another point: "Q. You should have had your goggles on when you were cutting? A. Well, I wouldn't say positively." A fair deduction is that claimant knew the rule, and that its reasonable requirement was that he wear goggles while engaged in performing the duty in the course of which he suffered the injury involved. His whole duty was not observed by postponing use of the goggles until "the coal got to popping so bad I had to put them on." By this course he assumed the risk of diminution of recovery for the very injury—most regrettable—which he suffered. The Workmen's Compensation Act, a modern and forward looking law, while contemplating speedy and inexpensive means of assured recovery by an injured employee, also requires observance by the employee of that in which claimant here failed. But, as said, claimant's conduct, however otherwise it may be construed, was not shown to have been wilful, hence, as further emphasized, the statute constituting the basis for reduction of the amount of recovery is not applicable. We are not of that view. Claimant knew of the company rule or

128

order and intentionally omitted to observe it. In the sense of the statute involved, what claimant did was "wilful." *Stockdale v. Industrial Commission, supra,* determines the point. It is clear that claimant "acted upon his own judgment * * * about the use of goggles and was not governed by the rule." Such conduct "was wilful disobedience." *Nashville, C. & St. L. Ry. v. Coleman,* 151 Tenn. 443, 269 S.W. 919.

█ We have not failed to note that the commission did not expressly say claimant had *wilfully* failed to observe the company's safety rule, but, viewed in the light of the record, we think its finding is equivalent thereto. "At the time the coal entered his eye," said the commission, "claimant was not wearing goggles, in violation of respondent's safety rules," and, predicated thereon, ordered fifty per cent decrease of compensation, an order only consistent with the conclusion that claimant's failure was *wilful*. We believe the petition for rehearing is without merit. Let it be denied.

Mr. Chief Justice Young and Mr. Justice Bakke concur.

Mr. Justice Bock dissents.

Mr. Justice Bock dissenting.

I dissent. In my opinion, the fifty per cent penalty imposed upon the employee is not justified by the evidence. There is no testimony of "wilful failure" to use goggles as provided by the employer's rule. What the employee did may be negligence in the use of the goggles, but under no circumstances does is amount to wilful or intentional failure—nor did the commission so find; moreover, there is no evidence that the employee was not wearing goggles at the time of the accident. The evidence clearly shows that the accident in which employee lost an eye could have happened while he was using goggles. The judgment should be reversed.