## No. 22407.

Bennett Properties Company and Maryland Casualty Company *v.* Industrial Commission of Colorado and Hazel H. Stickley and Suzanne K. Stickley, a minor.

(437 P.2d 548)

Decided February 19, 1968. Rehearing denied March 11, 1968.

Margaret R. Bates, for plaintiffs in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter L. Dye, Assistant, for defendants in error Industrial Commission of Colorado.

Hays, Thompson and Johnston, for defendants in error Hazel H. Stickley and Suzanne K. Stickley, a minor.

*In Department.*

Opinion by Mr. Justice Day.

This writ of error involves procedural errors under the Workmen's Compensation Act as well as questions pertaining to the correctness of the award. We will hereinafter refer to plaintiff in error Bennett Properties Company as employer or Bennett Properties; to defendants in error Hazel H. Stickley and her minor

daughter Suzanne Stickley by name or as claimants; to defendant in error Industrial Commission of Colorado as Commission; and to Albert Stickley by name or as the deceased.

The claimants are the widow and child of the deceased Albert Stickley who was killed in an accident arising out of and in the course of his employment as head janitor for Bennett Properties. The employer admitted liability, but contended that the death was the result of Stickley's willful failure to obey a reasonable safety rule adopted for the benefit of employees. Under the provisions of C.R.S. 1963, 81-13-4, a willful failure to obey a reasonable safety rule by an employee limits claimants to only fifty per cent of the amount of compensation provided by the act.

After a hearing the referee found that such a safety rule had been willfully disobeyed and ordered an award computed on the fifty per cent penalty provision. On review of the file, transcript and order of the referee, the Commission entered its order finding "That the Referee was in error in penalizing the dependents of the deceased for the safety violation, and that, therefore, the Referee's order * * * should be *corrected and amended to delete* such finding * * *." (Emphasis added.) The award entered by the Commission was for full compensation.

After the Commission denied employer's petition for a review of its order, a complaint for review was filed in the district court by the employer. The only issue presented to the court was whether the Commission had made an *error in law* in determining that the penalty provisions of C.R.S. 1963, 81-13-4, did not apply to dependents of deceased employees found to have violated a reasonable safety rule.

Notwithstanding the *narrow question of law* presented to the trial court, it nevertheless remanded the cause to the Commission three times "for more specific findings." On the first two remands the Commission reiterated and reaffirmed its order and award. After the

third remand the Commission returned to the trial court "Supplemental Findings of Fact and Award." This document *changed* the previous order of the Commission with a "finding" that:

"\* \* \* it is impossible to ever show that this nonwitnessed act resulted from deliberate attempt and not from carelessness, neglect, forgetfulness, remissiveness or oversight. Having just left his temporary supervisor after being engaged in a serious conversation about disposal of working force, it cannot be readily said from the facts shown of our record that he deliberately intended to violate a known safety rule. (We further find, as we have in past consideration of this case, that penalty for willful failure to obey a reasonable safety rule cannot be wagered [sic] against dependents of a decedent and base our finding in this regard upon the distinction that section 83 [81-13-4] provides that compensation to injured party shall be reduced 50% upon establishing such willful disobedience.)"

Judgment was then entered by the district court affirming this finding of the Commission and its award for full compensation.

The questions presented for our determination on this writ of error are as follows:

I. Did the district court err in remanding the cause to the Commission "to make findings of fact on specific points?"

II. Did the Commission on the remand have jurisdiction to change its findings on the one issue of fact which it had previously finally and fully determined, and which was before the district court for review?

III. Does the record as a matter of law preclude a finding or inference from undisputed facts other than that the safety rule was willfully violated?

IV. Did the Commission err in ruling that the fifty per cent penalty provision in C.R.S. 1963, 81-13-4, does not apply to dependents of deceased employees?

## I.

On the question of the remand by the district court "for further findings" we hold the trial court erred. The Commission's record was complete. The findings which the court apparently overlooked had been made by the Commission when it *adopted as its own* the detailed findings of fact made by the referee and his additional finding that decedent had willfully failed to obey the safety rule. No further findings of fact were necessary to support the Commission's determination in that regard.

The power of the court to remand the cause to the Commission is limited by the statute. One of the pertinent statutes is C.R.S. 1963, 81-14-11, pertaining to "new issues": "issues not theretofore heard and considered." The statute reads:

"If upon trial of such action it shall appear that all issues arising in such action have not theretofore been presented to the commission in the petition filed as provided in this chapter or that the commission has not theretofore had an ample opportunity to hear and determine any issues raised in such action, or has for any reason, not in fact heard and determined the issues raised, the court, before proceeding to render judgment, unless the parties to such action stipulate to the contrary, shall transmit to the commission a full statement of such issue or issues not adequately considered, and shall stay further proceedings in such action until such issues are heard by the commission and returned to said court. Upon receipt of such statement, the commission shall hear and consider the issues not theretofore heard and considered, and may alter, affirm, modify, amend or rescind its finding, order or award complained of in said action, and it shall report its action thereon to said court within a reasonable time after its receipt of the statement from the court. The court thereupon shall order such amendment or other proceeding as may be necessary to raise the issues as presented by such

modification of the finding, order or award as may have been made by the commission upon the hearing, if any such modification has in fact been made, and thereupon shall proceed with the trial of such action."

No new issues were presented to the Commission in the remand. The only issue of fact, *i.e.*, whether a known safety rule had been willfully violated, had been presented and decided, and the ruling merely reiterated what had been determined not only after petition for review but also in response to two of the three remand orders from the trial court.

 The only other statutory provision for remand to the Commission is C.R.S. 1963, 81-14-16. That section did not apply to the case at bar because the court did not (a) set aside the order or award; or (b) recommit the matter for further hearing; or (c) order the Commission to enter a proper award upon findings already made by the Commission. Where all issues of fact arising in the case are presented to and decided by the Commission, there is no ground for the trial court to refer the matter back to the Commission for such further findings. *Zelle v. Commission*, 100 Colo. 116, 65 P.2d 1429.

 This court has also held that where the evidence before the Commission is limited and undisputed the court may upon review treat such evidence as findings of fact and consider it accordingly. We have held in such cases that it is unnecessary to remand the case. A subsequent discussion of the facts will reveal that they were *undisputed*, and that the findings thereon had been made by the referee and adopted by the Commission.

We therefore conclude that it was error for the district court to remand the case.

## II.

 Our ruling on the question of error of the district court in remanding the case also answers the question of the jurisdiction of the Commission to change its previous findings of fact fully and finally made. The matter was not before it for further proceedings or ad-

ditionally for different determination. The Commission, under C.R.S. 1963, 81-14-11, has limited power to alter, affirm, modify, amend or rescind its finding only if there are issues *not theretofore heard and considered by it*, and then only after *rehearing* on those issues.

III.

Because of procedural errors involved, there is a suggestion that the claimants were precluded from obtaining judicial review of the Commission's findings that the decedent had willfully disobeyed a known safety rule. We have therefore chosen to address ourselves to the merits of this particular factual issue and to see whether in law the evidence could support any finding other than that the known safety rule had been vio ated.

The uncontradicted evidence on which the emp oyer admitted liability and which dealt with the question of invoking the fifty per cent penalty provision of the act may be summarized as follows:

Bennett Properties is the owner of the Majestic Build ing in Denver. Deceased had been working as a janitor in the building for about four and a half or five years and had been head janitor for about a year. Among his duties was the cleaning of the elevator pit on the average of twice a month, and he had performed such work for a year preceding his death.

The elevator equipment in use at the time of the accident had been put into operation in 1948. At the time of the installation, the executive officer of the employer had directed the building superintendent, as well as all successors to the superintendent position, to take precautions that no one enter the elevator pit without the knowledge of someone in charge. The purpose of the rule was to avoid any accident, and for the subsequent fifteen years there had been no accidents.

The building superintendent at the time of the accident, who had promoted the deceased to head janitor about a year prior to the fatal accident, testified that when he promoted the deceased he had explained the

rule and the procedure governing entry into the elevator pit. The routine to be followed was that the employee notify the superintendent or whoever was in charge whenever he desired to enter the pit.

The door to the elevator pit was kept locked; the key to the door was, in turn, locked in a drawer in the superintendent's desk. When the employee would inform the superintendent or whoever was in charge that he wanted to clean the pit, the superintendent would give the employee the key and would stand by the elevator and protect the employee from being hit as he entered or left the elevator pit by a descending elevator cab. By "standing guard" he could warn the employee of the impending descent of the elevator and also warn the elevator operator of the presence of someone entering the pit.

The only way a person could be injured would be in entering or leaving the elevator pit. Once in the pit there was no chance of being hit or crushed by a descending elevator cab because the cab couldn't descend farther than within about nine feet of the bottom of the pit. The superintendent testified that the purpose of the rule was for safety and that he always liked to know where his men were. He stated that such a rule was merely a common-sense safety rule.

The referee found that the oral rule that Stickley was to notify the building superintendent or person in charge when he wished to enter the elevator pit was, in fact, a safety rule. This finding was adopted by the Commission and, as we have shown, is overwhelmingly supported by the evidence in the record.

The fact that such a rule was oral is not material. A safety rule does not have to be formally adopted, does not have to be in writing, and does not have to be posted. Rather, oral warnings, prohibitions, and directions are sufficient if heard and understood by the employee and if given by someone generally in authority. *Industrial Commission v. Golden Cycle Corp.*,

126 Colo. 68, 246 P.2d 902; *McCulloch v. Industrial Commission*, 109 Colo. 123, 123 P.2d 414. Bennett Properties clearly met the burden of proving that a safety rule was in effect.

Turning now to whether the safety rule was willfully violated by the deceased employee, the long standing rule announced in our decisions has firmly established that the word "willful" used in the statute means "with deliberate intent." As we stated in *Stockdale v. Industrial Commission*, 76 Colo. 494, 232 P. 669:

"* * * If the employee knows the rule, and yet intentionally does the forbidden thing, he has 'wilfully failed to obey' the rule. It is not necessary for the employer to show that the employee, having the rule in mind, determined to break it; it is enough to show that, knowing the rule, he intentionally performed the forbidden act. * * *"

See also: *Johnson v. Denver Tramway*, 115 Colo. 214, 171 P.2d 410; *McCulloch v. Industrial Commission, supra.*

In the *Golden Cycle Corp.* case, *supra,* the facts involved an employee engaged in gravel pit operations. The employee had been warned many times concerning the danger from overhanging banks. At noon when the operations had stopped the employee took his lunch and went over into the shade of an overhanging embankment and started to eat. The embankment suddenly caved in, partially covering the employee and throwing him against a power shovel which caused severe head injuries. At the time of the hearing the employee couldn't remember any of the incidents of the accident. In affirming the finding of a willful violation of a reasonable safety rule, the court held:

"* * * While workmen's compensation laws are construed liberally in favor of the workmen, they are not to be so narrowly construed as to fasten full liability upon an employer when the worker becomes careless or indifferent in his conduct while acting within his employment. The operator of a saw mill surely would not

be held to liability for failure to post a notice reading, 'Keep your hands out of the buzz saw,' neither will the worker's rights be entirely sacrificed by charging him with an assumption of risk under some other name. * * * When, as here, claimant did the thing frequently warned against for his safety, and, assuming that as an ordinary prudent person, he knew the danger, then it must be said that he wilfully placed himself in danger because there was no occasion for his action to be without deliberation, and it was not the result of a sudden impulse. * * *"

██ The evidence is not in dispute. Without going to his superintendent deceased obtained the key for the door to the elevator pit. (The key was found on his person after his death.) The deceased had no authority to have the key, and no one knew that he had it. The building superintendent was on vacation at the time, but the acting superintendent testified that the deceased had talked with him just a few minutes prior to entering the elevator pit and had mentioned nothing about his intentions. Then without notifying anyone to act as "look out" for him, the deceased entered the elevator pit in clear violation of the safety rule he had repeatedly followed on the average of twice a month for the preceding year. He was crushed because the elevator operator didn't know he was entering the pit. The deceased was killed at the very point of danger and by the very happening which the rule was made to prevent.

The decedent's actions in the case at bar could not have been the result of momentary carelessness or casual negligence. Obtaining a key kept in the private desk of the superintendent and unlocking the pit door were knowledgeable and deliberate acts contrary to specific instructions.

IV.

██ In ruling that the provisions of C.R.S. 1963, 81-13-4, imposing the fifty per cent penalty, do not apply to compensation paid dependents of a deceased employee

who violates a safety rule, the Commission chose to ignore the unequivocal holding of this court directly interpreting this particular section. In the *Stockdale* case, *supra,* we held:

"The petitioner insists that said section 4457 [now C.R.S. 1963, 81-13-4] does not refer to death, but only to injury resulting from disobedience. There is room for argument on this point; but in the case of *Ind. Com. v. Funk,* 68 Colo. 467, 191 P. 125, we affirmed an order of the Commission reducing the compensation 50 per cent where death had ensued. *That construction must stand till the legislature directs otherwise.*" (Emphasis added.)

That case was decided in 1925. The legislature has never amended the section nor in any wise amended the Workmen's Compensation Act to in any way change or cast doubt upon what we said in *Stockdale.*

The judgment is reversed and the cause remanded to the Commission to enter its award to the claimants in harmony with the views herein expressed.

MR. JUSTICE SUTTON and MR. JUSTICE HODGES concur.