THE MOHAWK RUBBER COMPANY, AND ROYAL INDEMNITY COMPANY *v.* CLAIMANTS IN THE MATTER OF THE DEATH OF JUDSON D. CRIBBS AND THE INDUSTRIAL COMMISSION OF COLORADO.

No. 22972.

MARY ELAINE CRIBBS, CLAIMANT IN THE MATTER OF THE DEATH OF JUDSON D. ('DENE) CRIBBS *v.* THE MOHAWK RUBBER COMPANY, ROYAL INDEMNITY COMPANY AND THE INDUSTRIAL COMMISSION OF COLORADO.

(440 P.2d 785)

Decided May 13, 1968.

Thomas M. Burns, Peter J. Wall, Margaret Bates, Thomas J. DeMarino, for plaintiff in error (No. 22972) and defendant in error (No. 22957), Mary Elaine Cribbs.

Zarlengo, Mott & Carlin, for defendants in error (No. 22972) and plaintiffs in error (No. 22957), The Mohawk Rubber Company and Royal Indemnity Company.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter L. Dye, Assistant, for defendant in error (Nos. 22972 and 22957), The Industrial Commission of Colorado.

*In Department.*

Opinion by David W. Enoch.*

These two writs of error involve the same parties, facts, judgment of the trial court and the same order of the Industrial Commission of Colorado and will here be considered as one case with a single disposition of those issues raised in both writs.

---

*Retired District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

The Mohawk Rubber Company will hereafter be referred to as the "employer," the Royal Indemnity Company as the "carrier," Judson D. Cribbs as the "deceased" or "employee," Mary Elaine Cribbs as the "claimant" or "widow" and the Industrial Commission of Colorado as the "Commission."

The claimant is the widow of the deceased employee who was killed in a one car accident on March 27, 1964, on West Colfax Avenue in Jefferson County, Colorado. The case came at issue in this Court on February 15, 1968.

After hearing the evidence, the Referee entered his Order, which was subsequently approved and adopted by the Commission, to wit: that the employee was killed in the course of his employment; that the claimant, the widow of the deceased was entitled to compensation under the Workmen's Compensation Act of Colorado C.R.S. 1963, 81-1-1 et seq.; that the employee at the time of his death was under the influence of alcohol, and that this was the cause of the accident which killed him; and that under the applicable statute a 50% penalty should be imposed and, accordingly, reduced the award of the widow by that amount.

The employer and the carrier filed suit in the district court asking that the award of the Commission be set aside on the ground that decedent was not acting in the course of his employment at the time of his death. In connection therewith the claimant asked that the award be modified insofar as it reduced her award by 50% because of the decedent's intoxication. The district court entered its judgment and order upholding the award of the Commission.

The same two aforementioned issues are presented here on writ of error.

I.

Did the death of the employee occur in the course of his employment? At the time of his death the employee was a traveling salesman for the employer, selling tires

and contacting customers and prospective customers throughout a territory consisting of most of Colorado, part of Wyoming and part of Nebraska. On March 25, 1964, he had spent the night in Greeley, Colorado. On March 26, 1964, at about 4:00 P.M., he called his wife at home saying he was in Colorado Springs, Colorado, that he had some more business to take care of and had some men waiting for him and that he was taking them to dinner and would be home that night. On that same afternoon deceased called the employer's warehouse manager in Denver from Colorado Springs to see if there were any messages or any specific tasks that he could do where he was then, stating that he was in Colorado Springs. The evidence of claimant indicated that the deceased did not work regular hours, but often worked in the evening and on the weekends, that part of his work was entertaining customers and prospective customers and that he had an expense account with his employer and was reimbursed for entertainment expenses.

The next evidence of the decedent's whereabouts was in Lakewood, that same evening, where he was seen at Taylor's Supper Club on West Colfax Avenue. His time of arrival is unknown. While there he was served dinner and some drinks by a waitress who testified that she knew him as a customer, and that there were two women seated at his table who were never identified. The deceased had a credit card at Taylor's Supper Club and had on previous occasions entertained customers there. The proprietor testified that he spoke to the deceased, whom he knew, between 9:30 and 10:30 when the deceased left his table and said "good night" and headed for the door alone. The proprietor testified that decedent was not intoxicated when he left.

The next approximately 2½ hours are unaccounted for. At some time between 12:45 A.M. and 1:00 A.M. on March 27, 1964, the deceased drove his automobile into a steel lamp pole and cement abutment, at the corner

of West Colfax Avenue and Pearson Street, in a one car accident and was apparently killed instantly. The widow testified that the accident happened on the route which the decedent usually followed in returning to his home and was within ten blocks of his residence.

If the employee had been killed at the Taylor's Supper Club, there would be a greater question as to whether he was then still in the course of his employment. There is no actual evidence that he was not in his course of employment at that time — only conjecture and speculation. The important point is that he was killed in his car while alone at an intersection ten blocks from his home and in the direction which indicated he was returning home. If not direct evidence, it was reasonable evidence from which the inference could be drawn that he was on his way home. If the deceased was on his way home at the time of his death he was still within his course of employment even if there had been a deviation from such course of employment earlier in the evening. The Commission found the evidence that the employee died in the course of his employment. As this Court has repeatedly held before, findings of the Commission, which are supported by evidence, are binding on the reviewing court. *O. P. Skaggs Company v. Nixon,* 101 Colo. 203, 72 P.2d 1102; *American Mining Co. v. Zupet,* 101 Colo. 238, 72 P.2d 281; *Industrial Commission v. Havens,* 136 Colo. 111, 314 P.2d 698. Accordingly, the finding of the Commission that the employee was killed in the course of his employment is affirmed.

II.

Was the Commission justified in imposing the 50% penalty on the dependent of the employee where his death was the result of intoxication? There is no dispute in the evidence that the employee had a blood alcohol content of .387 at the time of his death; that he was driving his car in this condition and that he struck a steel lamp post imbedded in concrete with

considerable force. It is conceded that his death was the result of intoxication.

The pertinent statute, C.R.S. 1963, 81-13-4 provides in part as follows:

" (1) (a) The compensation provided for herein shall be reduced fifty per cent:

(d) Where injury results from the intoxication of the employee".

The argument presented by the claimant is that since the statute refers to *injury* and not *death,* that the intent was to penalize a surviving employee, who was only injured and survived, but that it was not intended to penalize the dependents of an employee who did not survive.

This argument was presented and resolved by this Court in the recent case of *Bennett Properties Company v. Industrial Commission of Colorado,* 165 Colo. 135, 437 P.2d 548. In that case, the employee was killed in the course of his employment while wilfully failing to obey a reasonable safety rule. In the *Bennett* case, this Court cited *Stockdale v. Industrial Commission,* 76 Colo. 494, 232 P. 669 as being conclusive of this matter. And in the *Stockdale* case, we declared as follows:

"The petitioner insists that said Section 4457 (now C.R.S. 1963, 81-13-4) does not refer to death, but only to injury resulting from disobedience. There is room for argument on this point, but in the case of *Industrial Commission v. Funk,* 68 Colo. 467, 191 P. 125, we affirmed an order of the Commission reducing the compensation 50% where death had ensued. That construction must stand until the legislature directs otherwise."

Quoting now from the recent *Bennett* case:

"That case [meaning the *Funk* case] was decided in 1925. The Legislature has never amended the section nor in any wise amended the Workmen's Compensation Act to in any way change or cast doubt upon what we said in *Stockdale.*"

We see no difference in the construction of this statute

where the death was caused by violation of a safety rule or caused by intoxication. We, accordingly, affirm the Commission order that the award be reduced by 50% where the employee's death resulted from intoxication.

The judgment of the district court approving the award of the Commission is hereby affirmed in both cases.

MR. JUSTICE MCWILLIAMS, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.