Opinion by
Mr. Justice Kelley.
The plaintiffs in error, Marion Conn, doing business as Conn Supply, the employer, and State Compensation Insurance Fund, are here on writ of error challenging the correctness of a judgment of the District Court of the City and County of Denver affirming an award by the State Industrial Commission to the dependents of Milton D. Conn, who, together with the Industrial Commission, are defendants in error.
Milton D. Conn was fatally injured while driving a truck in the course of his employment on July 19, 1965.
The sole issue is one of law. The Industrial Commission awarded the claimants the full amount of compensation provided by law, over the objection of the plaintiffs in error. Their objection was founded upon C.R.S. 1963, 81-13-4(1), which in pertinent part provides: “(a) The compensation provided for herein shall be reduced fifty per cent:
“(d) Where injury results from the intoxication of the employee.”
The Industrial Commission awarded the maximum amount of benefits provided by statute. Upon application for review filed by the employer and the Fund, the Commission entered its final order affirming the award, specifically finding, however, that the death of Milton D. Conn resulted from intoxication.
The district court upon review of the record pursuant to C.R.S. 1963, 81-14-8, held that C.R.S. 1963, 81-13-4-(l) (a) (d) applied to claims based upon “injuries,” but not to “death” claims.
*179 The Industrial Commission fell into the same error it committed in Bennett Properties Co. v. Industrial Commission, 165 Colo. 135, 437 P.2d 548. Our decision there is controlling here and for the same reasons.
Also, see Mohawk Rubber Co. v. Claimants in death of Cribbs, 165 Colo. 526, 440 P.2d 785, where the Industrial Commission imposed the fifty percent penalty because the employee’s fatal accident was the result of intoxication. We affirmed.
The above cited decisions are well reasoned and clearly state the law. It would unduly burden this opinion to reiterate what has been stated in those decisions.
The judgment is reversed and the cause remanded to the district court which, in turn, is ordered to remand the cause to the Industrial Commission with directions to reduce its award by fifty percent.
Mr. Chief Justice Moore, Mr. Justice McWilliams and Mr. Justice Pringle concur.