Judge Monroe's opinion states that the record contains "no evidence of willful misconduct on Maze's part and no evidence indicating that he intentionally violated a safety rule." 772 So.2d at 1180. I respectfully disagree. The trial court's finding that Maze willfully violated a safety rule was supported by substantial evidence and is due to be upheld.
Maze admitted that, in the year preceding his injury, he had attended monthly safety meetings, had been a member of the safety committee, and had been instructed as to the company's lock-out procedure. When a worker knows of a safety rule and consciously does an act in violation of that rule, his act cannot be considered inadvertent. "[S]uch [an] act is deliberately done and is willful misconduct." Sloss-Sheffield Steel Iron Co. v.Greer, 216 Ala. 267, 270, 113 So. 271, 273 (1927).
The following testimony by Maze demonstrates that his violation of the safety rule was not inadvertent:
 "Q. Now, at the time that this accident occurred, is it your understanding that the safety rules required you to lock this machine out in order to remove a chunk as you were trying to do?
"A. Yes, sir.
". . . .
 "Q. During these monthly safety meetings . . . did [Mr. Stodghill] ever specifically discuss the lock-out procedure and when it was appropriate to cut off the machine, or did he indicate that that was simply left to the individual's judgment?
"A. No, he said to lock it out.
 "Q. And that was before this injury he wanted every machine locked out?
"A. Yes, sir."
Thompson, J., concurs. *Page 1181